IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| T.K., THROUGH HER MOTHER SHERRI LESHORE, and A.S., THROUGH HER MOTHER, LAURA LOPEZ, *individually and on behalf of all others similarly situated*,<br><br>    Plaintiffs,<br>    v.<br><br>BYTEDANCE TECHNOLOGY CO., LTD., MUSICAL.LY INC., MUSICAL.LY THE CAYMAN ISLANDS CORPORATION, and TIKTOK INC.,<br><br>    Defendants. | Case No. 1:19-cv-07915<br><br>Hon. John Robert Blakey |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND DIRECTION OF NOTICE UNDER RULE 23(E)**

Before the Court is Plaintiffs' Motion for Preliminary Approval of Class Settlement and Direction of Notice under Rule 23(e) ("Motion").

WHEREAS, on December 3, 2019, Plaintiffs T.K. and A.S., minor children, by and through their respective mothers and legal guardians, SHERRI LESHORE and LAURA LOPEZ, filed a class action complaint in the Northern District of Illinois against Defendants BYTEDANCE TECHNOLOGY CO., LTD., MUSICAL.LY INC., MUSICAL.LY THE CAYMAN ISLANDS CORPORATION, and TIKTOK INC. (collectively, "Defendants") captioned *T.K., et al. v. Bytedance Technology Co., Ltd. et al.*, No. 1:19-cv-07915 (N.D. Ill.) (the "Action"). The complaint alleged that Defendants tracked, collected, and disclosed the personally identifiable information and/or viewing data of children under the age of 13— without parental consent—

while they were using Defendants' video social networking platform, i.e., software application (the "App.").

WHEREAS, prior to the filing of the Complaint [1], Class Counsel extensively investigated the claims that formed the operative Complaint over several months and then sent a demand letter and complaint to Defendants' counsel, which resulted in months' long negotiations ultimately culminating in a mediation session with Gregory P. Lindstrom of Phillips ADR where the Parties reached a Settlement Agreement[1] that has been filed on the Court's docket.

WHEREAS, this Settlement Agreement is intended by the parties to fully, finally, and forever resolve, discharge and settle the Released Claims, as defined in the Settlement Agreement, upon and subject to the terms and conditions therein.

WHEREAS, the parties agree that the Settlement is a negotiated compromise, does not amount to an admission of liability, and that nothing in the Settlement is admissible in this Action or any future lawsuit to suggest a litigated class would be appropriately certified or that the method of providing Notice to the Settlement Class is proper, or to prove any claim on the merits.

**IT IS HEREBY ORDERED AS FOLLOWS:**

**I.      PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT:**

1.      The Court hereby finds that the Court that will likely be able to approve the proposed Settlement, as embodied in the Settlement Agreement, as being fair, reasonable and adequate to the Settlement Class under Rule 23(e)(2) of the Federal

---

[1] Unless stated otherwise, capitalized terms shall have the definitions set forth in the Settlement Agreement filed herewith.

Rules of Civil Procedure, subject to further consideration at the Final Approval Hearing to be conducted as described below. The proposed Settlement appears to be the product of intensive, thorough, serious, informed, and non-collusive negotiations overseen by the Hon. Gregory P. Lindstrom of Phillips ADR; has no obvious deficiencies; does not improperly grant preferential treatment to the Class Representatives or segments of the Settlement Class; and appears to be fair, reasonable, and adequate, such that notice of the Settlement should be directed to the Settlement Class Members, and a Final Approval Hearing should be set.

2. Accordingly, the Motion is GRANTED.

**II. THE CLASS, CLASS REPRESENTATIVES, AND CLASS COUNSEL**

3. "Settlement Class" means, for purposes of this Class Action Settlement only, the Plaintiffs and all persons described in Paragraph 2.3 of the Settlement Agreement.

4. "Class Counsel" means the attorneys representing the Plaintiffs who signed the Settlement Agreement and filed the Complaint [1].

5. "Class Representatives" means the Plaintiffs who signed the Settlement Agreement and filed the Complaint [1].

**III. PRELIMINARY FINDINGS**

6. The Court finds that it will likely be able to approve, under Rule 23(e)(2), the proposed Settlement Class as defined above, consisting of approximately 6,000,000 individuals who registered for or used the Musical.ly and/or TikTok

software application prior to the Effective Date when under the age of 13 and their parents and/or legal guardians.

7. The Court furthermore finds that it will likely be able to certify the Settlement Class for purposes of judgment on the proposal, because the Settlement Class and Class Representatives likely meet the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a)(1)–(4).

### IV. NOTICE TO CLASS MEMBERS

8. Under Rule 23(c)(2), the Court finds that the content, format, and method of disseminating Notice, as set forth in the Motion and the supporting Declaration of Steven Weisbrot, Esq., and the Settlement Agreement, is appropriate notice, satisfies all requirements provided in Rule 23(c)(2)(A) and due process, and is reasonable within the meaning of Rule 23(e)(1)(B). The Court hereby approves such notice, appoints Angeion Group, LLC as the Settlement Administrator, and directs that such notice be disseminated in the manner set forth in the proposed Settlement Agreement to Settlement Class Members under Rule 23(e)(1).

9. Any member of the Settlement Class who wishes to exclude himself or herself from the Settlement Class must provide a written Request for Exclusion postmarked by the Opt-Out Deadline that states his or her full name, address, and intention to be excluded from the Settlement Class.

10. Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection with the Court by the Objection Deadline that must include: include (i) a detailed statement of the Class Member's

objection(s), as well as the specific reasons, if any, for each objection, including any evidence and legal authority the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of his/her objection(s); (ii) the Class Member's full name, address and telephone number; and (iii) information demonstrating that the Class Member is entitled to be included as a member of the Class. Any documents supporting the Objection must be attached to the Objection. The parties shall have the right to depose any objector to assess whether the objector has standing or motives that are inconsistent with the interests of the Settlement Class. The right to object to this Settlement must be exercised individually by an individual Settlement Class Member, not by the act of another person acting or purporting to act in a representative capacity.

## V. SCHEDULE AND PROCEDURES FOR DISSEMINATNIG NOTICE, FILING CLAIMS, REQUESTING EXCLUSION FROM THE CLASS, FILING OBJECTIONS TO THE CLASS ACTION SETTLEMENT, AND FILING THE MOTION FOR FINAL APPROVAL

11. Based on the foregoing, the Court sets the following schedule for the Final Approval Hearing and the actions which must take place before and after it:

| **Event** | **Date** |
|---|---|
| Deadline to Initiate Notice Program (the "Class Notice Date") | 30 days after Entry of this Order |
| Deadline for opting-out of Settlement and submission of objections | 60 days after Class Notice Date |
| The last day that Settlement Class members may submit a Claim Form to the Settlement Administrator. | 90 days after the Class Notice Date |

| Deadline for filing papers in support of Final Approval of the Settlement and Class Counsel's application for an award of attorneys' fees and expenses | 45 days prior to the Final Approval Hearing |
|---|---|
| Final Approval Hearing | May 6, 2020 |

## VI.     **FINAL APPROVAL HEARING**

12.     The Final Approval Hearing shall take place on May 6, 2020 at 9:45 a.m. at the United States District Court for the Northern District of Illinois, Eastern Division, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604 before the Honorable John Robert Blakey, for the following purposes: (a) to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be finally approved by the Court, (b) to determine whether an order and final judgment should be entered dismissing the Released Claims with prejudice; (c) to determine whether Class Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses (including any incentive payments to the Class Representatives) should be approved; and (d) to consider any other matters that properly may be brought before the Court in connection with the Settlement and the notice program.

## VII. **OTHER PROVISIONS**

13. Class Counsel are hereby appointed as Settlement Class Counsel under rule 23(g)(3). Settlement Class Counsel and Defendants are authorized to take, without further Court approval, all necessary and appropriate steps to implement the Settlement, including the approved notice program.

14. The deadlines set forth in this Preliminary Approval Order, including, but not limited to, adjourning the Final Approval Hearing, may be extended by Order of the Court, for good cause shown, without further notice to the Class Members, except that notice of any such extensions shall be included on the Settlement Website. The Court may approve the proposed Settlement with such modifications as Plaintiffs and Defendant may agree to, if appropriate, without further notice to the Settlement Class provided that notice of any such modifications shall be included on the Settlement Website. Class Members should check the Settlement Website regularly for updates and further details regarding extensions of these deadlines. Requests for Exclusion and Objections must meet the deadlines and follow the requirements set forth in the approved notice in order to be valid.

15. Settlement Class Counsel and Defendants' counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with the Preliminary Approval Order or the Settlement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice that the parties jointly agree are reasonable or necessary.

16. Settlement Class Members are preliminarily enjoined from bringing any new alleged class actions asserting any Released Claim or attempting to amend an existing action to assert any Released Claim.

17. The Court shall maintain continuing jurisdiction over these proceedings for the benefit of the Settlement Class as defined in this Order.

**IT IS SO ORDERED.**

Dated: December 19, 2019

Entered:

_____
John Robert Blakey
United States District Judge