IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| T.K., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>BYTEDANCE TECHNOLOGY CO., LTD., et al..<br><br>    Defendants. | Case No. 1:19-cv-07915<br><br>Hon. John Robert Blakey<br><br>Magistrate Judge M. David Weisman |

# DEFENDANT TIKTOK'S STATEMENT IN SUPPORT OF FINAL APPROVAL OF CLASS SETTLEMENT AND OPPOSITION TO MOTION TO INTERVENE

Anthony J Weibell (ARDC #6331763)
WILSON SONSINI GOODRICH & ROSATI,
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300

Steven P. Mandell (ARDC #6183729)
MANDELL MENKES LLC
333 West Wacker Drive, Ste. 300
Chicago, IL 60606
Tel: (312) 251-1000

*Attorneys for Defendant TikTok, Inc.*

TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | INTRODUCTION ................................................................................................... | 1 |
| II. | BACKGROUND ..................................................................................................... | 2 |
| III. | THE COURT SHOULD GRANT FINAL APPROVAL TO THE SETTLEMENT BECAUSE IT IS A GOOD RESULT FOR THE CLASS CONSIDERING THE WEAKNESS OF PLAINTIFFS' CLAIMS. ................ | 4 |
| | A. Plaintiffs' Claims Are Preempted by COPPA. ................................... | 4 |
| | B. Plaintiffs' Statutory Claims Are Defective and Would Fail. .............. | 5 |
| | C. Plaintiffs' Common Law Privacy Claims Are Defective and Would Fail. ........................ | 6 |
| | D. Plaintiffs Could Not Recover Actual Damages. ................................ | 7 |
| | E. Plaintiffs Could Not Obtain Injunctive Relief. .................................. | 7 |
| | F. Plaintiffs Are Bound by an Arbitration Agreement. .......................... | 8 |
| | G. The Court Could Not Certify a Litigation Class. ............................... | 9 |
| IV. | THE OBJECTOR'S MOTION TO INTERVENE SHOULD BE DENIED. ................... | 10 |
| | A. The Objector Lacks Standing to Enforce Compliance with the FTC Settlement and He Fails to Identify Any Violation of that Settlement. ............................ | 11 |
| | B. The Objector Cannot Intervene Simply on the Basis that He Wants to Add an Assortment of (Meritless) Additional Causes of Action ..................................... | 13 |
| V. | CONCLUSION ....................................................................................................... | 15 |

## I. INTRODUCTION

The Court should grant final approval to the class settlement agreement ("the Settlement") because it provides a meaningful monetary benefit to a class of persons who have suffered no damages, who have otherwise been unaffected, and who have no viable private right of action under the circumstances. In bringing this action, Plaintiffs sought to assert private causes of action following a settlement agreement between defendant TikTok, Inc. ("TikTok") and the Federal Trade Commission ("FTC") relating to alleged violations of the Children's Online Privacy Protection Act ("COPPA"). But unlike the FTC, Plaintiffs have no private cause of action under COPPA, and COPPA preempts all private state-law claims that seek to impose liability for the otherwise routine collection of user data under these circumstances. Put differently, in enacting COPPA and creating new obligations that did not previously exist in the law, Congress recognized that while the aim of COPPA is "to minimize the collection of personal information from children" (Children's Online Privacy Protection Rule, 78 Fed. Reg. 3972 (Jan. 17, 2013)), no private right of action was necessary because the mere collection of routine information from users under age 13 does not by itself cause these users any damages or other injury for which an individual private right of action is necessary.

Even setting aside the COPPA preemption bar, the statutory claims asserted by Plaintiffs are simply inapplicable to the free-to-use TikTok app. Similarly, the common law privacy claims must fail because Plaintiffs have suffered no injury. Nor can Plaintiffs identify any misrepresentation on the part of TikTok; to the contrary, TikTok expressly warned Plaintiffs not to use the App if they were under the age of 13. Indeed, the only way Plaintiffs' information could have been collected was if Plaintiffs affirmatively lied about their age and deceived TikTok's technical barriers to access the TikTok—Make Your Day mobile app. Otherwise, no such collection would have occurred.

The Settlement is thus an excellent result for class members and should be approved over the untimely[1] and opportunistic objection and motion to intervene ("the Objection")—which also vastly exceeds the Court's 15-page limit—filed by "Mark S." ("the Objector").

## II. BACKGROUND

TikTok, Inc. ("TikTok") is the operator of the TikTok—Make Your Day mobile app ("the App"), a free-to-use app that allows users to create short videos with musical and other features and to share those videos with other users. The App is a successor in part to the Musical.ly app, which was merged with the App in 2018. During the relevant time period (2015-2018), users who downloaded and used the App were required to agree to the App's terms of service, which included the following:

- Minimum Age Requirement. Users were required to affirm that they were over the age of 13 and that they were prohibited from using the App if under 13.

- Privacy Policy. Users were required to agree to the App's privacy policy that disclosed the collection and use of the information they uploaded using the App.

- Arbitration. Users agreed to submit any dispute with TikTok to binding arbitration.

- Class Action Waiver. Users agreed to a class action waiver that prohibited joining multiple plaintiffs into one litigation or one arbitration.

- Indemnification. Users agreed to indemnify TikTok for claims and damages resulting from any violation of the terms of service by the user, such as by using the App in violation of the minimum age requirement.

Since July 2017 and through the end of the relevant time period, TikTok also age-screened its users to prevent users under age 13 from using the App.

---

[1] The Objection to the Settlement was filed nearly two months after the March 17, 2020 deadline published in the class notice, and on that ground alone may be overruled.

On February 27, 2019, the Federal Trade Commission ("FTC") announced a settlement agreement with TikTok pursuant to which TikTok agreed to settle allegations that the company violated COPPA when it collected personal information from users who lied about their age in order to use the App. Although TikTok disputed the allegations—in particular, the allegation that the App was even directed to children rather than directed to a general audience of all persons—it chose to settle rather than litigate the matter for practical and business purposes. TikTok expressly disclaimed any liability in the settlement. In addition to the monetary payment, TikTok also agreed to injunctive relief to remedy the issues raised by the FTC, including to comply with FTC guidance to remove the prohibition on children using the App and to create an age-appropriate experience for those users.

Following the FTC settlement-and-consent order, Plaintiffs sent a demand letter to TikTok asserting claims on behalf of a class of under-13 users and their parents based on the allegations made by the FTC. Over the next several months, the parties negotiated the Settlement. The Settlement was preliminarily approved by the Court on December 19, 2020.

One of the more difficult steps in negotiating the Settlement was to generate an estimate of the class size. Because TikTok has no way of knowing how many users under age 13 may have lied about their age in order to use the App during the relevant time period, only a very rough conservative estimate could be made based on several assumptions. Even then, only some fraction of the class would have actually had any information collected by TikTok—meaning, only a fraction of the roughly-estimated six million class members here were affected by the issues alleged in the Complaint. These were also two of the reasons individual notice was not possible for the Settlement "through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

### III. THE COURT SHOULD GRANT FINAL APPROVAL TO THE SETTLEMENT BECAUSE IT IS A GOOD RESULT FOR THE CLASS CONSIDERING THE WEAKNESS OF PLAINTIFFS' CLAIMS.

The Court should grant final approval to the Settlement because it is a good result for class members who have suffered no damages, who have otherwise been unaffected, and who have no viable private right of action under the circumstances. "The 'most important factor relevant to the fairness of a class action settlement' is … 'the strength of the plaintiff's case on the merits balanced against the amount offered in the settlement.'" *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006).

Among the many roadblocks Plaintiffs faced in attempting to litigate their claims against TikTok were: (1) Plaintiffs' claims are preempted by COPPA; (2) Plaintiffs' statutory claims are inapplicable to the facts here; (3) Plaintiffs' common law privacy claims are non-existent where they caused the collection of their own information by lying about their age in order to use the App and suffered no injury because of it; (4) Plaintiffs would be unable to recover damages; (5) Plaintiffs would be unable to obtain injunctive relief; (6) Plaintiffs and the class are bound by an arbitration agreement and a class action waiver; and (7) no class could be certified under Rule 23(b)(3) because individual issues would predominate or under Rule 23(b)(2) because injunctive relief is unwarranted.

#### A. Plaintiffs' Claims Are Preempted by COPPA.

Because COPPA does not provide any private right of action for alleged violations, Plaintiffs have no cause of action under the statute. COPPA also preempts any state-law claims that are "inconsistent with the treatment" of information collection under the statute. 15 U.S.C. § 6502(d). COPPA thus preempts any state-law cause of action seeking to hold a defendant liable for the collection of private information from children without parental consent. *Manigault-Johnson v. Google, LLC*, No. 18-1032, 2019 WL 3006646, at *6 (D.S.C. Mar. 31,

2019) (dismissing tort claims where "Plaintiffs seek to use the vehicle of state law to privately enforce the provisions of COPPA, which Congress clearly intended to preclude").

### B. Plaintiffs' Statutory Claims Are Defective and Would Fail.

Plaintiffs' first claim is an alleged violation of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710. But the VPPA does not apply here because it merely prohibits a "video tape service provider" from knowingly disclosing to third parties "personally identifiable information concerning any consumer of such provider." *Id.* § 2710(b)(1). "Personally identifiable information" is narrowly limited under the VPPA to "the kind of information that would readily permit an *ordinary person* to identify a *specific individual's* video-watching behavior." *In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 290 (3d Cir. 2016) (emphasis added). Unlike COPPA, disclosure of anonymous "persistent identifiers" such as a unique device ID used by TikTok does not trigger the VPPA. *Id.* (dismissing VPPA claim alleging disclosure of IP addresses, unique device IDs, video browsing history, and web browser "fingerprints"). As the courts have held, "every step away" from the "classic example" of the video-store clerk leaking an individual customer's video-rental history will "make it harder for a plaintiff to make out a successful claim." *Id.*; *see also Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 985-86 (9th Cir. 2017) (disclosure of a user's device serial numbers coupled with the names of videos watched did not violate the VPPA).

The VPPA also does not include any disclosures made to any person if the "disclosure is incident to the video tape service provider's ordinary course of business." *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 621, 623 (7th Cir. 2014) (dismissing VPPA claim where video tape services providers "may use third parties in their business operations"); *Rodriguez v. Sony Comput. Entm't Am., LLC*, 801 F.3d 1045, 1054 (9th Cir. 2015) (affirming dismissal of VPPA claims alleging disclosure of personal information to affiliate entities). Here, there is

no VPPA violation because TikTok is not a "video tape service provider" under the statute, nor did TikTok *disclose* to unaffiliated third-parties the actual identities of any users in combination with their video viewing histories for non-operational purposes.

Similarly, Plaintiffs' other statutory consumer-protection claims fail because these statutes do not apply where Plaintiffs used a free-to-use mobile app, misrepresented their ages in order to do so, consented to TikTok's privacy policy, and have suffered no damages. *See In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 806 F.3d 125, 153 (3d Cir. 2015) (affirming dismissal of statutory consumer-protection claims where plaintiffs suffered no pecuniary damages and used a free service offered by defendants). Plaintiffs also do not allege any misrepresentation by TikTok regarding the App that could support a consumer-deception claim. Nor could they make such an allegation given that TikTok expressly told Plaintiffs—and Plaintiffs expressly agreed—that children were not to use the App.

### C. Plaintiffs' Common Law Privacy Claims Are Defective and Would Fail.

Plaintiffs' right to privacy claims under the California Constitution and common law are similarly defective and would fail because the conduct alleged does not amount to a cognizable invasion of privacy. "Actionable invasions of privacy must be sufficiently serious in their nature, scope, and actual or potential impact to constitute an *egregious breach of the social norms* underlying the privacy right." *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 655 (Cal. 1994) (emphasis added). The facts here preclude any finding that TikTok intentionally intruded into Plaintiffs' privacy. Not only did TikTok not want to collect information from children, it also expressly told children not to use the App, secured their affirmative representation that they were not children before allowing them to use the App, and created a technical measure to block children from using the App. Plaintiffs could have had no reasonable expectation that their data would not be collected when they lied about their

age and expressly provided consent for this collection by acknowledging the App's privacy policy. And the collection of personal data from children in the same manner as adults is not "highly offensive" just because it involves children. *Nickelodeon*, 827 F.3d at 294-95 (affirming dismissal of privacy claims alleging Google collected data from minors without parental consent); *Manigault-Johnson*, 2019 WL 3006646, at *6 (same).

### D. Plaintiffs Could Not Recover Actual Damages.

Plaintiffs could not recover any actual damages in this action because they have alleged no emotional distress or other actual damage. And, absent actual damages, there can be no punitive damages: "actual damages are an absolute predicate for an award of exemplary or punitive damages. Even nominal damages, which can be used to support … punitive damages, require actual injury." *Kizer v. County of San Mateo*, 806 P.2d 1353, 1357 (Cal. 1991).

### E. Plaintiffs Could Not Obtain Injunctive Relief.

Plaintiffs would be unable to obtain any injunctive relief because TikTok's settlement with the FTC already requires TikTok to take complete remedial action. Under the terms of the FTC settlement, TikTok is required to comply with COPPA, required to destroy child users' personal information, and required to submit a supplemental report regarding compliance with the court's order. Stipulated Order for Civil Penalties, Permanent Injunction & Other Relief at 7-10, *United States v. Musical.ly*, No. 19-01439 (C.D. Cal. Mar. 27, 2019), ECF No. 10. A second injunction, addressing the same conduct already covered by the FTC settlement, is unnecessary and would interfere with another court's express reservation of jurisdiction over the FTC settlement. *Id.* at 16; *see also United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953); *Harthman v. Witty*, 480 F.2d 337, 339-40 (3d Cir. 1973) ("a second injunction was unnecessary and it would have been the duty of the court to refuse to grant it" where a first, permanent injunction of broad terms was in place); *Ellis v. Gallatin Steel Co.*,

390 F.3d 461, 475-76 (6th Cir. 2004) (court committed reversible error in awarding injunctive relief after a consent decree had already been obtained by the government); *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 516 F. Supp. 2d 324, 335-36 (D. Del. 2007) (injunction unnecessary where government had already obtained injunction to prevent future violations), *aff'd*, 602 F.3d 237 (3d Cir. 2010).

### F. Plaintiffs Are Bound by an Arbitration Agreement.

Even if Plaintiffs could state a claim, those claims are subject to an arbitration and class action waiver agreement that would preclude this class action. The Objector incorrectly argues that minors are not bound by arbitration agreements and class action waivers. While minors may have the right under some state laws to disaffirm contracts made before the age of majority, those contracts are valid and binding until actual disaffirmance takes place. *See, e.g.*, Cal. Fam. Code § 6700 ("a minor may make a contract in the same manner as an adult, subject to the power of disaffirmance"); *G.G. v. Valve Corp.*, No. 16-1941, 2017 WL 1210220, at *3 (W.D. Wash. Apr. 3, 2017) (granting motion to compel arbitration because minors were bound by arbitration agreement with defendant); *C.M.D. ex rel. De Young v. Facebook, Inc.*, 621 F. App'x 488, 489 (9th Cir. 2015) ("By continuing to use facebook.com after bringing their action, Plaintiffs manifested an intention not to disaffirm the contract.").

And, "[i]f a minor cannot return the benefits obtained … then she is effectively precluded from disaffirming the contract in order to get back the consideration she has given." *I.C. ex rel. Solovsky v. Delta Galil USA*, 135 F. Supp. 3d 196, 210 (S.D.N.Y. 2015) (minor plaintiff was "precluded from disaffirming the contract" where disaffirmance would "put her in a superior position than she would have occupied had she never entered the [contract]"); *E.K.D. ex rel. Dawes v. Facebook, Inc.*, 885 F. Supp. 2d 894, 900 (S.D. Ill. 2012) (minor plaintiffs could not disaffirm the forum-selection clause in Facebook's terms because they

-8-

"have used and continue to use facebook.com"); *Sheller ex rel. Sheller v. Frank's Nursery & Crafts, Inc.*, 957 F. Supp. 150, 153 (N.D. Ill. 1997) (enforcing arbitration provision in contract against minors where minors had received the benefits of the contract).

Here, no class members have disaffirmed their contracts with TikTok, let alone a sufficient number to meet the numerosity prerequisite for certification of a litigation class.

### G. The Court Could Not Certify a Litigation Class.

Setting aside the arbitration agreement and class action waiver, monetary class actions are permitted only where "questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3); *Van v. Ford Motor Co.*, 332 F.R.D. 249, 289 (N.D. Ill. 2019) (denying class certification where "highly-individualized hearings" would be "necessary for each named Plaintiff and each putative class member"). Here, individual issues would predominate any litigation because each class member would need to establish through individual proof whether they actually uploaded or generated any information that was collected by TikTok, as many if not most of the class members never used the App during the relevant periods or never uploaded videos or other personal information that was collected by TikTok.

Moreover, privacy claims like those asserted here make poor candidates for class certification because of the very personal nature of expectations of privacy and the emotional damages that result from invasion. *Schmidt v. U.S. Dep't of Veterans*, 218 F.R.D. 619, 637-38 (E.D. Wis. 2003) (denying class certification in light of individual questions of fact as to whether defendant actually interfered with individual class members' privacy and whether any individual class members suffered an adverse effect (citing I George B. Trubow, Privacy Law and Practice ¶ 2.09 (1991) ("Because of the individualized nature of Privacy Act violations and the adverse effects and damages that must be demonstrated in order to recover under the

Act … class actions have usually been viewed as unsuitable.")))); *Kline v. Sec. Guards, Inc.*, 196 F.R.D. 261, 268 (E.D. Pa. 2000) ("[I]ndividual factors impact an objective expectation of privacy."); *In re Google Inc. Gmail Litig.*, No. 13-02430, 2014 WL 1102660, at *13 (N.D. Cal. Mar. 18, 2014) ("individual issues of consent are likely to predominate over any common issues, and that accordingly, class certification would be inappropriate"). Resolving the litigation by class settlement eliminates these concerns.

\* \* \*

For all of the above reasons, the extreme weakness of Plaintiffs' claims and the high risks of attempting to litigate those claims—which is the most important factor—supports final approval of the Settlement.

### IV. THE OBJECTOR'S MOTION TO INTERVENE SHOULD BE DENIED.

The Objector's attempt to intervene in this action should be rejected as unwarranted and opportunistic. Specifically, in addition to the deficiencies identified in Plaintiffs' anticipated response to the Objector's motion, the motion to intervene is defective for failing to demonstrate that the Objector is in any different position from the existing class representatives. Intervention "requires a 'direct, significant and legally protectable' interest in the question at issue in the lawsuit." *Wisconsin Educ. Ass'n Council v. Walker*, 705 F.3d 640, 658 (7th Cir. 2013) (quoting *Keith v. Daley*, 764 F.2d 1265, 1268 (7th Cir. 1985)). "That interest must be unique to the proposed intervenor." *Id.* (citing *Keith*, 764 F.2d at 1268). Intervention should be denied where putative intervenors present no "factual or legal distinctions that make their interests in this case divergent from the interests of the named class representatives." *Zbaraz v. Madigan*, 572 F.3d 370, 377 (7th Cir. 2009).

Here, the Objector bases his motion to intervene on two primary arguments: *first*, that TikTok has failed to comply with the FTC settlement; and *second*, that Plaintiffs should have

-10-

brought a raft of other claims against TikTok in this action. Obj. at 13-18. Both arguments are without merit and utterly fail to assert any interest that is particular to the Objector and not to the existing Plaintiffs, let alone a significant interest.

### A. The Objector Lacks Standing to Enforce Compliance with the FTC Settlement and He Fails to Identify Any Violation of that Settlement.

The Objector's argument that he must be allowed to intervene to enforce the terms of the FTC's settlement with TikTok is nonsensical. The Objector is not a party to the FTC settlement and has no standing to enforce it. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750 (1975) ("[A] consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it *even though they were intended to be benefited by it*.") (emphasis added); *USAA Fed. Sav. Bank v. PLS Fin. Servs., Inc.*, 340 F. Supp. 3d 721, 727 (N.D. Ill. 2018) (following *Blue Chip's* rule). Nor would the Objector have standing to bring a claim for conduct prohibited by the FTC settlement that violates COPPA. As explained above, there is no private right of action under COPPA. Absent any right to enforce the FTC settlement that is unique to himself, the Objector lacks standing to intervene in this action. *See S.E.C. v. Prudential Sec. Inc.*, 136 F.3d 153, 160 (D.C. Cir. 1998) (denying Rule 24(a)(2) motion to intervene where intervenor lacked standing to enforce consent order with S.E.C.); *United States v. Comprehensive Accounting Corp.*, No. 87-6874, 1988 WL 90008, at *1 (N.D. Ill. Aug. 23, 1988) (denying motion to intervene in light of *Blue Chip*).

Even if the Objector had standing to enforce the FTC settlement (he does not), the Objector appears to misunderstand basic elements of COPPA, as the activities he identifies are not a violation of COPPA. The Objector's complaints are scattershot, but they center around two basic claims: *first*, that TikTok is in violation of the FTC settlement because under-13 users can lie their way through TikTok's age gate; and *second*, that TikTok is in violation of

the FTC settlement because COPPA does not allow the collection of persistent identifiers without parental notice and consent. As explained below, both claims are wrong.

***The Objection Misunderstands the Age-Gating Exception to COPPA.*** The Objector's concern that under-13 users can lie their way through TikTok's age gate does not present a COPPA violation. To the contrary, the COPPA Rule expressly provides that an app like TikTok's App that targets children but "does not target children as its *primary* audience, shall *not* be deemed directed to children" for purposes of COPPA if the app age-screens users to prevent the improper collection and use of personal information "from visitors who *identify themselves* as under age 13." 16 C.F.R. § 312.2 (emphasis added). There is no obligation to investigate whether a user has lied about their age. TikTok designed its age gate according to the FTC's best practices in order to direct its under-13 users toward a more limited experience—a practice that is contemplated by the FTC's guidance and intended to ensure that under-13 users have a safe, age-appropriate experience on the App. The FTC guidance forbids mixed-audience services from banning children but expressly allows such services "to offer different activities, or functions, to [their] users depending upon age." FTC, Complying with COPPA: FAQs, at D.4, https://www.ftc.gov/tips-advice/business-center/guidance/complying-coppa-frequently-asked-questions. That is exactly what TikTok has sought to do.

***The Objection Misunderstands the Internal Operations Exception to COPPA.*** The Objector's accusation that TikTok "*seemingly*" violates the FTC settlement by collecting user "IP addresses and unique device identifiers" without first obtaining parental consent and meeting other COPPA requirements for the collection of this information (*see* Obj. at 16-17) shows that the Objector does not understand how COPPA works. There is a very clear exception to COPPA's restrictions on collecting information from children: operators of a

child-directed service are allowed to collect "persistent identifiers" for the "purpose of providing support for the internal operations of the Web site or online service" with "no obligation to provide [parental] notice." 16 C.F.R. § 312.5(c)(7). Here, the IP addresses and unique device identifiers referenced by the Objector are "persistent identifiers" that fit within the internal operations exception to COPPA. *See* 16 C.F.R. §§ 312.2, 312.5(c)(7). TikTok could not provide the age-appropriate version of the App to under-13 users, as required by COPPA, without collecting these persistent identifiers for operational purposes.

Because the Objector lacks standing to enforce the FTC settlement and has not identified any violation of that agreement, his arguments fail to support his motion to intervene.

### B. The Objector Cannot Intervene Simply on the Basis that He Wants to Add an Assortment of (Meritless) Additional Causes of Action

Although the Objector faults Plaintiffs for not bringing additional claims, the Objector failed to satisfy the requirement of Rule 24(c) to file a complaint together with his motion to intervene that adequately pleads any such claims. Fed. R. Civ. P. 24(c) (a motion to intervene must "be accompanied by a pleading that sets out the claim or defense for which intervention is sought"); *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 595 (7th Cir. 1993) (this requirement is "unambiguous" and disregarding it warrants denial of the motion); *In re Testosterone Replacement Therapy Prods. Liab. Litig.*, No. 14-1748, 2018 WL 5884519, at *6 (N.D. Ill. Nov. 8, 2018) (denying motion to intervene in part on the ground that would-be intervenor failed to comply with Rule 24(c)).

Even if the Objector had included such a proposed complaint, he could not identify any interest in those claims that is unique to him and not applicable to the existing class representatives. And all of the claims that he mentions in his Objection (breach of contract, unjust enrichment, and violation of state statutes (the Illinois Biometric Information Privacy

-13-

Act, 740 ILCS § 14/1 ("BIPA"), the Illinois Right of Publicity Act, and the Illinois Children's Privacy Protection and Parental Empowerment Act) would fail for all of the same reasons explained in Section III above that the existing claims would fail. Moreover, to the extent the Objector's proposed additional claims involve privacy concerns that go beyond the subject matter of the Complaint (the collection of information from children without parental consent), they are the subject of separate, recently filed litigation—not this case. *See In re. TikTok Inc. Data Privacy Litig.*, No. 2948 (J.P.M.L.).

For example, the BIPA claim that the Objector frequently refers to (Obj. at 18, 29, 33) is at the center of that separate litigation. Even so, any BIPA claim against TikTok would fail. BIPA provides that private entities may not "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information" without written consent. 740 ILCS 14/15(b). The Objector's allegation that the TikTok App allows users to "superimpose filters'' onto their faces by scanning their "facial geometries" (Obj. at 5) is not a BIPA violation. Not all geometric facial information is an "identifier" unique to a particular person. BIPA makes clear that it is only concerned with "biometric identifiers" that "are biologically unique to the individual." 740 ILCS 14/5(c). The filters described by the Objector merely allow users to add visual effects to videos (e.g., by altering a video's background or by changing a user's eye color). Such filters are possible because the App tracks the location of users' facial features based on facial landmarking, not any biometric identifying scan of users' faces. In other words, it marks the location of a user's eyes, nose, or mouth in a video frame so that the filter can be properly positioned. Such landmarking data is not unique to any user, nor does the filter specifically identify any individual user, and thus does not constitute a "biometric indicator" or "biometric information" as defined by BIPA. Perhaps

most significant, however, is that TikTok does not collect this landmarking and filter data from users' devices. It is stored locally on a user's device. BIPA simply does not apply here.

In any event, even if any of the additional claims proposed by the Objector had any merit (they do not), the Objector's thirteenth-hour request to intervene to hijack this case for his own purposes should be rejected as an attempt "to redefine and significantly expand the scope" of this action. *See Retired Chicago Police Ass'n*, 7 F.3d at 595 (affirming district court's refusal to allow intervention to expand the scope of the class definition).

## V. CONCLUSION

For all of these reasons, the Court should grant final approval to the Settlement and overrule the meritless Objection.

Dated: June 5, 2020

Respectfully submitted,

By: */s/ Anthony J Weibell*

Anthony J Weibell (ARDC # 6331763)
WILSON SONSINI GOODRICH & ROSATI,
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300

Steven P. Mandell (ARDC #6183729)
MANDELL MENKES LLC
333 West Wacker Drive, Ste. 300
Chicago, IL 60606
Tel: (312) 251-1000

*Attorneys for Defendant
TikTok, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

*/s/ Anthony J Weibell*

Anthony J Weibell
