# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TIKTOK INC. CONSUMER PRIVACY LITIGATION | MDL No. 2948<br><br>No.1:20-cv-04699<br><br>Hon. John Z. Lee |
| **E.R.**, a Minor, through her Guardian, **L.H.**, **K.M.**, a Minor, through her Guardian, **C.M.**, **D.M.**, a minor, through her Guardian, **D.H.**, **L.B.**, a minor, by and through his or her guardian, Molly Janik, **H.S.**, a Minor, through her Guardian, **J.S.**, **N.T.** and **L.T.**, minors, by and through their guardian, Darcy Tellone, **S.P.**, **J.P.**, **K.P.**, **G.P.**, minors, by and through their guardian, Katie Patterman, each individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>TIKTOK, INC. and BYTEDANCE, INC.,<br><br>    Defendants. | No. 1:20-cv-02810<br><br>CONSOLIDATED ACTION<br><br>Hon. John Z. Lee |

## JOINT STATUS REPORT

As ordered by this Court on June 18, 2020 [ECF No. 37], Plaintiffs and Defendants submit this joint status report and state as follows:

    1.    This Consolidated Action includes seven of the nineteen cases subject to the recent centralization order issued by the Judicial Panel on Multi-District Litigation ("JPML") on August 4, 2020 selecting this Court as the transferee district (hereinafter the "MDL"). *See*

**Exhibit A** attached hereto. The administrative transfer of cases subject to the JPML's Transfer Order has not yet been completed.

2. This Court appointed Katrina Carroll as interim lead Plaintiffs' counsel for this Consolidated Action, pending the JPML proceedings. [ECF No. 18]. During the pendency of the proceedings before the JPML, Ms. Carroll worked successfully with defense counsel to arrange for and schedule a global mediation of all claims subject to the JPML petition.

3. All counsel in the Consolidated Action, along with counsel in every other case subject to the JPML proceedings (except for counsel in the Consolidated Northern District of California action) worked cooperatively and efficiently in preparing for the mediation and, more generally, throughout the history of this litigation. On August 13, 2020, representatives on behalf of 11 of 19 cases in the MDL (together with defense counsel, the "Settling Parties") participated in a 12-hour mediation session with the Honorable Layn Phillips.

4. As a result of the good work of Judge Phillips, and all participating parties and their counsel, the Settling Parties reached a settlement in principle, subject to certain conditions, which will resolve all of the claims asserted in the MDL, on a class-wide basis.

5. Defendant TikTok is currently subject to a presidential executive order issued August 6, 2020 that threatens to ban TikTok from conducting business in the United States. TikTok is also reportedly a potential target for acquisition by multiple third parties, as mentioned in recent news articles. In light of these factors, it is imperative to TikTok to maintain the mediation privilege and strict confidentiality concerning the terms of the settlement until the settlement is disclosed publicly and to this Court, as part of the settlement approval process pursuant to Fed. R. Civ. P. 23.

6. The Settling Parties anticipate finalizing the settlement, satisfying the necessary conditions, and being able to file a motion for preliminary approval of the settlement within 90 days.

7. The Settling Parties support a stay of the cases comprising the MDL, pending the filing of the motion for preliminary approval of the settlement. The Settling Parties further suggest that this Court schedule the initial status conference for the MDL on the same date as the hearing for preliminary approval of the settlement, which should occur on or before November 16, 2020.

Respectfully submitted,

Date: August 16, 2020      **CARLSON LYNCH LLP**

*/s/ Katrina Carroll*
Katrina Carroll
*kcarroll@carlsonlynch.com*
Kyle A. Shamberg
*kshamberg@ carlsonlynch.com*
Nicholas R. Lange
*nlange@carlsonlynch.com*
111 W. Washington Street, Suite 1240
Chicago, IL 60602
Telephone: (312) 750-1265

***Interim Lead Counsel***

Douglas A. Millen
Brian M. Hogan
FREED KANNER LONDON &
    MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, Illinois 60015
Tel.: (224) 632-4500
Fax: (224) 632-4521
dmillen@fklmlaw.com
bhogan@fklmlaw.com

Jonathan M. Jagher
Kimberly A. Justice

FREED KANNER LONDON &
    MILLEN LLC
923 Fayette St.
Conshohocken, PA 19428
Tel.: (610) 234-6487
Fax: (224) 632-4521
jjagher@fklmlaw.com
kjustice@fklmlaw.com

Jennifer W. Sprengel
Daniel O. Herrera
Nickolas J. Hagman
CAFFERTY CLOBES MERIWETHER
    & SPRENGEL LLP
150 S. Wacker, Suite 3000
Chicago, Illinois 60606
Telephone: 312-782-4880
Facsimile: 318-782-4485
jsprengel@caffertyclobes.com
dherrera@caffertyclobes.com
nhagman@caffertyclobes.com

Joseph G. Sauder
Joseph B. Kenney
SAUDER SCHELKOPF LLC
1109 Lancaster Avenue
Berwyn, PA 19312
Telephone: (610) 200-0580
Fax: (610) 421-1326
jgs@sstriallawyers.com
jbk@sstriallawyers.com

Richard R. Gordon
GORDON LAW OFFICES, LTD.
111 West Washington Street
Suite 1240
Chicago, Illinois 60602
Tel: (312) 332-5200
Fax: (312) 242-4966
rrg@gordonlawchicago.com

James B. Zouras
Ryan F. Stephan
Andrew C. Ficzko
Megan E. Shannon
STEPHAN ZOURAS, LLP

4

100 N. Riverside Plaza,
Suite 2150
Chicago, Illinois 60606
312.233.1550
312.233.1560 f
rstephan@stephanzouras.com
jzouras@stephanzouras.com
aficzko@stephanzouras.com
mshannon@stephanzouras.com

Erik H. Langeland (pro hac vice forthcoming)
733 Third Avenue, 15th Floor
New York, N.Y. 10017
(212) 354-6270
elangeland@langelandlaw.com

Jon A. Tostrud (pro hac vice forthcoming)
TOSTRUD LAW GROUP, P.C.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
(310) 278-2600
jtostrud@tostrudlaw.com

Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Phone: 312.741.1019
Fax: 312.264.0100
beth@feganscott.com

Melissa Ryan Clark (*pro hac vice application forthcoming*)
Jonathan D. Lindenfeld (*pro hac vice application forthcoming*)
FEGAN SCOTT LLC
140 Broadway, 46th Floor
New York, NY 10005
Phone: 332.216.2101
Fax: 917.725.9346
melissa@feganscott.com
jonathan@feganscott.com

**Counsel for Plaintiffs and the Putative Class**

Date: August 16, 2020                **WILSON SONSINI GOODRICH & ROSATI**

**Professional Corporation**

*/s/* Anthony J Weibell
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: aweibell@wsgr.com

**Counsel for Defendants ByteDance Inc. and TikTok Inc.**

Case: 1:20-cv-04699 Document #: 49-31 Filed: 08/28/20 Page 7 of 12 PageID #:1370

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2020, the foregoing document was filed electronically through the Court's Electronic Case Filing System. Service of this document is being made upon all counsel of record in this case by the Notice of Electronic Filing issued through the Court's Electronic Case Filing System on this date.

*/s/ Katrina Carroll*

Katrina Carroll

# EXHIBIT A

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: TIKTOK, INC., CONSUMER
PRIVACY LITIGATION                                                                      MDL No. 2948

**TRANSFER ORDER**

**Before the Panel**:[*] Plaintiff in an action pending in the Southern District of Illinois moves under 28 U.S.C. § 1407 to centralize this litigation in that district. The litigation consists of the ten actions listed on the attached Schedule A, five in the Northern District of California, four in the Northern District of Illinois, and one in the Southern District of Illinois. The Panel has been notified of nine potentially-related actions.[1] All responding parties, including defendants,[2] support centralization, but differ as to an appropriate transferee district. Suggested districts include the Central District of California, the Northern District of California, the Northern District of Illinois, and the Southern District of Illinois.

After considering the arguments of counsel,[3] we find that these actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The common factual issues concern defendants' TikTok app, a highly popular social networking app used to create and share short videos. Plaintiffs in all actions challenge defendants' conduct with respect to the scanning, capture, retention, and dissemination of the facial geometry and other biometric information of users of the app. Centralization will eliminate duplicative discovery and the possibility of inconsistent rulings on class certification and other pretrial matters, as well as conserve judicial and party resources.

We select the Northern District of Illinois as transferee district. Four of the ten actions, as well as three potential tag-along actions, are pending in the Northern District of Illinois, and have

---

[*] One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] TikTok, Inc., ByteDance Inc., Beijing Bytedance Technology Co. Ltd., and Musical.ly.

[3] In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by video conference at its hearing session of July 30, 2020. *See* Suppl. Notice of Hearing Session, MDL No. 2946 (J.P.M.L. July 14, 2020), ECF No. 63.

-2-

been proceeding in an organized fashion (for example, the actions have been consolidated, interim lead plaintiffs' counsel has been appointed, and a consolidated complaint has been filed). And, although common defendants ByteDance, Inc., and TikTok, Inc., are headquartered in California, they support selection of the Northern District of Illinois,[4] as do multiple plaintiffs. The Honorable John Z. Lee, to whom we assign the litigation, is an experienced jurist. He is presiding over the related Northern District of Illinois actions, and has been actively managing them to date. We are confident that he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois, and, with the consent of that court, assigned to the Honorable John Z. Lee for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |

---

[4] Specifically, in their response, defendants state that they "equally" support centralization in either the Northern District of Illinois or the Northern District of California. Defs.' Joint Response at 1 (ECF No. 30).

IN RE: TIKTOK, INC., CONSUMER
PRIVACY LITIGATION                                              MDL No. 2948

# SCHEDULE A

    <u>Northern District of California</u>

IN RE: TIKTOK, INC. PRIVACY LITIGATION, C.A. No. 5:19-07792
P.S., ET AL. v. TIKTOK, INC., ET AL., C.A. No. 5:20-02992
D.M., ET AL. v. TIKTOK, INC., ET AL., C.A. No. 5:20-03185
R.S., ET AL. v. TIKTOK, INC., ET AL., C.A. No. 5:20-03212
S.A. v. TIKTOK, INC., ET AL., C.A. No. 5:20-03294

    <u>Northern District of Illinois</u>

E.R. v. TIKTOK, INC., ET AL., C.A. No. 1:20-02810
MARKS v. TIKTOK, INC., C.A. No. 1:20-02883
D.H. v. TIKTOK, INC., ET AL., C.A. No. 1:20-02884
L.B. v. TIKTOK, INC., C.A. No. 1:20-02889

    <u>Southern District of Illinois</u>

A.S. v. TIKTOK, INC., ET AL., C.A. No. 3:20-00457