# EXHIBIT N

2011 WL 7460099
Only the Westlaw citation is currently available.
United States District Court, N.D. California,
San Jose Division.

In re GOOGLE BUZZ PRIVACY LITIGATION.

No. C 10–00672 JW.
|
June 2, 2011.

**AMENDED ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT;
APPROVAL OF *CY PRES* AWARDS;
AND AWARDING ATTORNEY FEES**

[JAMES WARE](), Chief Judge.

**\*1** Presently before the Court are the parties' Motion for Final Approval of Class Settlement [1] and Plaintiffs' Motion for Attorney Fees.[2] Pursuant to the Order Preliminarily Approving Class Action Settlement issued by the Court on October 7, 2010, Class Notice, including notice of the Final Fairness Hearing, was sent to the Class. On February 7, 2011, the Court conducted a hearing on Final Approval of Class Settlement and Application for Attorney Fees and Costs. Counsel for the parties were present.

On February 16, 2011, following review of the papers regarding final approval and in response to objections at the Hearing, the Court issued an Order Re. Nomination Process For *Cy Pres* Recipients requiring modification of the *cy pres* nomination process to allow for additional Court oversight. (*See* Docket Item No. 117.) The February 16 Order included the reservation that the Court may designate *cy pres* recipients and dispersal amounts on its own motion. (*Id.* at 2.) On March 25, 2011, pursuant to the Court's February 16 Order, Plaintiffs' counsel submitted a list of *cy pres* organizations and distribution amounts for Court approval. (*See* Docket Item No. 119.)

Certain organizations who had applied for a *cy pres* nomination and were not included on the final list filed Objections regarding the proposed list of nominations and distribution amounts. (*See* Docket Item Nos. 121, 122, 125.) In one of the Objections, the Electronic Privacy Information Center ("EPIC"), on behalf of itself and a number of other organizations, contends that the objecting organizations timely filed applications for consideration of a *cy pres* award, but were excluded from the final list based on Class Counsel's bias towards distribution of *cy pres* funds to "organizations that are currently paid by [Defendant] to lobby for or to consult for the company." (hereafter, "EPIC Objection," Docket Item No. 121 at 2.) EPIC further contends that Class Counsel's bias toward organizations favorable to Defendant has resulted in a proposed list of organizations that fails to distribute the funds in accord with the legitimate objectives underlying the lawsuit, the interests of class members and the interests of those similarly situated. (EPIC Objection at 3.)

Upon review, the Court finds that aside from a few necessary modifications, Class Counsel's proposed nomination list adequately represents the interests of the Class and provides an effective range of projects serving a large swath of populations and interests. Thus, the Court adopts Class Counsel's nominated list with two modifications. First, the Court does not find good cause to exclude EPIC from the list of recipients of the *cy pres* funds. EPIC has demonstrated that it is a well-established and respected organization within the field of internet privacy and that it has sufficiently outlined how the *cy pres* funding will be used to further the interests of the class. Second, the Court also nominates the Markkula Center for Applied Ethics at Santa Clara University. The Markkula Center is dedicated to research and dialogue on issues of practical ethics. The Center has included internet privacy issues as one of the subjects it addresses, and is committed to expanding this program using the *cy pres* funds.

**\*2** Accordingly, based on the papers submitted to date and oral argument, the Court finds and orders as follows:

(1) This Order incorporates by reference the definitions in the Settlement Agreement, and all terms as used in this Order shall have the meaning as set forth in the Settlement Agreement.

(2) For purposes of this litigation, the Court has subject matter and personal jurisdiction over the parties, including all Class Members.

(3) The Settlement Agreement previously provided by the Court is adopted by the Court and made part of this Order as if set out in full herein.

(4) Pursuant to [Fed.R.Civ.P. 23(a)]() and [23(b)(3)](), the proposed Class is hereby certified for settlement purposes only. The Settlement Class is defined as follows:

All Gmail users in the United States presented with the opportunity to use Google Buzz through the Notice Date. Excluded from the Class are: (1) Google, or any entity in which Google has a controlling interest, and its respective legal representatives, officers, directors, employees, assigns and successors; (2) the judge to whom this case is assigned and any member of the judge's staff and immediate family; and (3) any person who, in accordance with the terms of this Agreement, properly executes and submits a timely request for exclusion from the Class.

(5) Pursuant to Fed.R.Civ.P. 23, and for purposes of settlement only, the Court makes the following findings of fact and conclusions of law:

(a) The Settlement Class is sufficiently definite;

(b) The Settlement Class is so numerous that joinder of all members of the Settlement Class is impracticable;

(c) There are questions of law and/or fact common within the Settlement Class;

(d) Plaintiffs' claims are typical of the claims of the members of the Settlement Class;

(e) Plaintiffs and their counsel have and will fairly and adequately represent and protect the interests of the Settlement Class;

(f) Plaintiffs' interests do not conflict with the interests of the Settlement Class in the maintenance of this action;

(g) The questions of law and/or fact common to the Settlement Class predominate over the questions affecting only individual members of the Settlement Class; and

(h) Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of this controversy.

(6) The Settlement Agreement and the terms contained therein are hereby approved as fair, reasonable, and adequate, and in the best interests of the Class as a whole.

(7) Gary E. Mason, Mason LLP, is hereby confirmed as Lead Class Counsel.

(8) Michael F. Ram, Ram & Olson LLP, is hereby confirmed as Liaison Counsel.

(9) William B. Rubenstein, Peter N. Wasylyk, Andrew S. Kierstead, Peter W. Thomas, Thomas Genshaft, P.C.; Michael D. Braun, Braun Law Group, P.C.; Donald Amamgbo, Amamgbo & Associates; Reginald Terrell, the Terrell Law Group; Jonathan Shub, Shub Law LLC; Christopher A. Seeger, Seeger Weiss LLP; Lawrence Feldman, Lawrence E. Feldman & Associates; Eric Freed, Freed & Weiss LLC; and Howard G. Silverman, Kane & Silverman P.C., are hereby confirmed as Class Counsel.

*3 (10) The parties have provided notice in a manner consistent with the Order granting the parties' Motion for Preliminary Approval of Class Action Settlement and as set forth in the Settlement Agreement. The notice, as implemented, met the requirements of due process and was the best notice practicable under the circumstances. The notice was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the action, the terms of the Settlement, and their right to appear, object to, or exclude themselves from the Settlement. Further, the notice was reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice. The Defendant notified the appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

(11) Class Counsel retained The Garden City Group, Inc. to assist in disseminating Notice in accordance with the terms of the Settlement Agreement and the Court's Order granting the parties' Motion for Preliminary Approval of Class Action Settlement. It is apparent from the Affidavit of Jennifer M. Keough in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement, the Declaration of Susan Fahringer and the Declaration of Brian Stoler that the Notice was properly implemented and effective.

(12) The Court has determined that full opportunity has been given to the members of the Settlement Class to opt out of the Settlement, object to the terms of the Settlement or Class Counsel's request for attorney fees and expenses, and otherwise participate in the Final Approval Hearing on February 7, 2011. The Court has considered all submissions and arguments provided by Class Members objecting to the Settlement, as well as Class Counsel's response to those Objections,

and has determined that none of the Objections warrants disapproval of the Settlement Agreement and/or Plaintiffs' request for attorney fees and expenses.

(13) Following the February 7, 2011 Final Approval Hearing, the Court issued an Order on February 16, 2011 directing the parties to solicit nominations from organizations interested in receiving awards from the *cy pres* fund established by this Settlement and ordering Class Counsel to consolidate the list and submit *cy pres* organization and distribution amount nominations to this Court before March 28, 2011. On March 25, 2011, Class Counsel reported to the Court that the parties had received a total of 77 applications seeking more than $35 million altogether. Pursuant to section 3.4 of the Settlement Agreement, counsel met and agreed to nominate a total of 12 groups for $6,065,000 of funding. In accordance with the Court's February 16, 2011 Order, Class Counsel submitted these organization and distribution amount nominations to the Court on March 25, 2011. Having reviewed Class Counsel's submission and the Objections filed in response to the submission, the Court hereby approves the following list of nominated organizations and amounts as submitted by Class Counsel:

| | | |
|---|---|---|
| (a) | American Civil Liberties Union | $700,000 |
| (b) | Berkeley Center for Law & Technology | $500,000 |
| (c) | Berkeley Law School, Samuelson Law, Technology & Public Policy Clinic | $200,000 |
| (d) | Berkman Center for Internet & Society at Harvard University | $500,000 |
| (e) | Brookings Institution | $165,000 |
| (f) | Carnegie Mellon, Cylab Usability, Privacy & Security Lab | $350,000 |
| (g) | Center for Democracy & Technology | $500,000 |
| (h) | Electronic Frontier Foundation | $1,000,000 |
| (I) | Indiana University, Center for Applied Cybersecurity Research | $300,000 |
| (j) | Stanford, Center for Internet & Society | $500,000 |
| (k) | YMCA of Greater Long Beach | $300,000 |
| (l) | The Electronic Privacy Information Center | $500,000 |
| (m) | The Markkula Center for Applied Ethics Santa Clara University | $500,000 |
| (n) | Youth Radio | $50,000 |

*4 (14) The Court has carefully considered all the materials and arguments before it and has made its independent judgment that: (1) Plaintiffs and Class Members face significant risks if this litigation were to proceed; (2) the possibility of a greater ultimate recovery would only occur after considerable delay; (3) the terms of the Settlement provide substantial and meaningful benefits to the Settlement Class; (4) the *cy pres* recipient organizations will use the funds in a way that provides an indirect benefit to the Class Members consistent with the Class Members' claims herein; (5) the Settlement is the product of meaningful investigation in to the facts and circumstances of the launch of Google Buzz; (6) the settlement negotiations were extensive, arms-length, under the direction of the Hon. Fern Smith, and

without any collusion; (7) the reaction by the Settlement Class has been in favor of the Settlement; and (8) Class Counsel support the Settlement. Accordingly, having considered the foregoing as well as the small number of opt-outs and objections, the costs and risks and delays of continued litigation versus the benefits provided by the Settlement, and based on this Court's knowledge of this action, the Court finds and concludes that the Settlement is in the best interests of the Class and is fair, reasonable and adequate to all Class Members. The Court therefore enters Judgment in accordance with the Settlement Agreement.

(15) The Settlement and the terms of the Settlement Agreement are accordingly granted final approval and are confirmed as fair, reasonable and adequate and are binding upon all Class Members who have not timely opted-out.

(16) The parties are hereby directed to proceed with and complete implementation of the Settlement, including payment to the *cy pres* recipients pursuant to Section 3.4 of the Settlement Agreement.

(17) The Court dismisses on the merits with prejudice all claims presently before it and orders the release of all Class Members' claims pursuant to Section 9 of the Settlement Agreement.

(18) Those Class Members who requested exclusion and who are listed on Exhibit 1 to the Affidavit of the Class Action Administrator are hereby excluded from this Settlement.

(19) The Court, having considered the request of Class Counsel for an award of attorney fees and reimbursement of expenses, hereby grants the request and awards Class Counsel attorney fees in the amount of $2,125,000. This amount was reasonable under both a common fund percentage analysis and a lodestar multiplier analysis. The Court also grants Class Counsel's request for expense reimbursement equal to the amount of their reasonable expenses incurred in prosecuting this action and in implementing this Settlement. The Court approves reimbursement of Class Counsel's expenses totaling $29,286.85, as submitted in December 2010, and orders Class Counsel to submit their final costs for Court approval within 30 days of this Order. The Court also approves the requested incentive award of $2,500 for each Class Representative. All court-awarded fees, expenses and reimbursements shall be paid out of the Common Fund. Any monies remaining in the Common Fund after the payment of all *cy pres* distribution, fees and expenses shall be distributed, *pro rata,* among the *cy pres* recipients.

**\*5** (20) All parties are bound by this Final Order and Judgment and by the Settlement Agreement.

(21) Without affecting the finality of the Final Order and Judgment, the Court reserves continuing and exclusive jurisdiction over the parties and their counsel, including all Class Members and their counsel with respect to the execution, consummation, administration, implementation, effectuation and enforcement of the Settlement Agreement and this Order, including the entry of any additional orders as may be necessary and appropriate relating to any and all issues including any appeals.

The Clerk shall close this file.

**All Citations**

Not Reported in F.Supp.2d, 2011 WL 7460099

## Footnotes

1    (*See* Notice of Motion and Memorandum in Support of Motion for Order Granting Final Approval of Class Settlement, Certifying Settlement Class, and Appointing Class Representatives and Class Counsel, Docket Item No. 61.)

2    (*See* Class Counsel's Application for Attorneys' Fees and Reimbursement of Expenses, Docket Item No. 65.)

**End of Document** © 2020 Thomson Reuters. No claim to original U.S. Government Works.