IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| T.K., THROUGH HER MOTHER, SHERRI LESHORE, and A.S., THROUGH HER MOTHER, LAURA LOPEZ, individually and on behalf of all others similarly situated, | ) ) ) ) Case No. 19 C 7915 |
| Plaintiffs, | ) ) Judge John Robert Blakey |
| vs. | ) ) Magistrate Judge M. David Weisman |
| BYTEDANCE TECHNOLOGY CO., LTD., MUSICAL.LY INC., MUSICAL.LY THE CAYMAN ISLANDS CORPORATION, and TIKTOK, INC. | ) ) ) ) ) |

**OBJECTOR'S SUPPLEMENTAL SUBMISSION**
**IN SUPPORT OF OBJECTIONS AND MOTION TO INTERVENE**

Dated: August 28, 2020

                                                         Respectfully submitted,

                                                         MARK S.

                      By:   /s/ Scott R. Drury
                              SCOTT R. DRURY
                              *One of the attorneys for Mark S.*

Mike Kanovitz
Scott R. Drury
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
mike@loevy.com
drury@loevy.com

# TABLE OF CONTENTS

Table of Exhibits ................................................................................................................ ii

I. New Developments that May Require Court Action ............................................................ 1

    A. Various Settlement Class Members Have Violated the Court's Preliminary Injunction ................................................................................................ 1

    B. The President's August 14, 2020 Executive Order Could Result in the Destruction of Relevant Evidence ................................................................... 2

II. Defendants Have Internally Classified Over 16 Million Users as Children Under 14, Underscoring the Propriety of the Objections and the Impropriety of the Proposed Settlement ............................................................................................. 3

III. Comparable Statutory Damages Cases ............................................................................... 4

IV. Objector's Proposed Complaint and Other Objector-Related Information ........................ 6

# TABLE OF EXHIBITS

Exhibit 1: *A Third of TikTok's U.S. Users May Be 14 or Under, Raising Safety Questions*, <u>New York Times</u> (Aug. 14, 2020)

Exhibit 2: TikTok Privacy Policy (Aug. 2018)

Exhibit 3: Order Regarding the Acquisition of Musical.ly by ByteDance Ltd. (Aug. 14, 2020)

Exhibit 4: *In re: TikTok, Inc. Consumer Priv. Litig.*, No. 20 C 4699 (N.D. Ill.) (Lee, J.) – Defendants' Joint Opposition to Non-Settling Plaintiffs' Purported Emergency Motion (Dkt. 16)

Exhibit 5: *In re: TikTok, Inc. Consumer Priv. Litig.*, No. 20 C 4699 (N.D. Ill.) (Lee, J.) – Case Management Order (Dkt. 4)

Exhibit 6: Executive Order on Addressing the Threat Posed by TikTok (Aug. 6, 2020)

Exhibit 7: *In re: TikTok, Inc. Consumer Priv. Litig.*, No. 20 C 4699 (N.D. Ill.) (Lee, J.) – Consolidated Amended Class Action Complaint by Interim Lead Counsel for the Northern District of California (filed in Case No. 20 C 4723, Dkt. 89)

Exhibit 8: *In re Facebook Biometric Info. Priv. Litig.*, No. 15-cv-03747-JD (N.D. Cal.) – Order Granting Preliminary Approval of Class Action Settlement (Dkt. 474)

Exhibit 9: *Jones v. CBC Rest. Corp.*, No. 1:19-cv-06736 (N.D. Ill.) – Memorandum in Support of Plaintiff's Unopposed Motion for Approval of Class Action Settlement (Dkt. 37)

Exhibit 10: *McGee v. LSC Comm'n, Inc.*, No. 17-CH-12818 (Cir. Ct. Cook Cty.) – Plaintiff's Motion & Memorandum of Law in Support of Approval of Attorneys' Fees, Expenses, & Incentive Award

Exhibit 11: *Wakefield v. Visalus, Inc.*, No. 3:15-cv-1857-SI (D. Ore.) – Opinion and Order (Dkt. 377)

Exhibit 12: *Aranda v. Caribbean Cruise Line, Inc.*, No. 1:12-cv-04069 (N.D. Ill.) – Plaintiffs' Memorandum of Law for Final Approval of Class Action Settlement

Exhibit 13: *McDonald v. Kiloo A/S, et al.*, No. 3:17-cv-04344-JD (L) (N.D. Cal.) – Plaintiffs' Notice of Motion and Motion for Preliminary Approval of Class Action Settlements (Dkt. 363)

Exhibit 14 : Objector's Proposed Class Action Complaint

Exhibit 15: Declaration of A.S.

Exhibit 16: Status Report by Interim Lead Counsel in the Consolidated Northern District of California Actions

Pursuant to the Court's August 7, 2020 Order, Objector Mark S. provides this supplemental submission in support of his Objections and Motion to Intervene (Dkt. 38):

I.  **New Developments that May Require Court Action.**

   A.  **Various Settlement Class Members Have Violated the Court's Preliminary Injunction.**

On December 19, 2019, this Court imposed a preliminary injunction, ordering:

> Settlement Class Members are preliminarily enjoined from bringing any new alleged class actions asserting any Released Claim or attempting to amend an existing action to assert any Released Claim.

Dkt. 13 ¶ 16.

On August 7, 2020, Objector highlighted the strength and value of the Video Privacy Protection Act claims in this case. 8/7/2020 Tr. at 42:22-44:15. This seemingly launched a race in the MDL to violate this Court's injunction and pursue a Video Privacy Protection Act claim. On August 14, 2020, in clear violation of this Court's injunction, various Settlement Class Members filed an Amended Class Action Complaint in one of the MDL cases that added a Video Privacy Protection Act count. Exhibit 7 (Am. Consolidated Class Action Compl.). It is not the operative MDL complaint; no such complaint has yet been filed. Presently, the MDL has two competing factions, the Illinois Faction and the California Faction. The California Faction filed the amended complaint.

Rather than filing an amended complaint, it appears the Illinois Faction chose to try to settle the enjoined claim. The Illinois Faction and Defendants have represented that they have reached a settlement in principle. *See* Dkt. 49-3. The California Faction contends the settlement is illegitimate and that Defendants handpicked the lawyers with whom to negotiate. *See* Exhibit 16 (California plaintiffs' status report). The purported settlement is relevant because Plaintiffs' counsel, here, indicates that it covers the Video Privacy Protection Act claim in this case. Dkt. 49

1

at 2. It does not appear that Plaintiffs' counsel intends to object to this development, referring to their own alleged claim as the "Video Privacy Protection Act claims purportedly at issue in this case." *Id.*

The conduct of the parties to the MDL with respect to the Video Privacy Protection Act claim in this case is gravely concerning – *e.g.*, violations of this Court's injunction, accusations that defense counsel handpicked counsel with whom to negotiate (*see* Ex. 16 at 2), and a seeming attempt to resolve the claims in this case before a different judge. Objector respectfully submits that inquiry by this Court would serve the interests of Settlement Class Members. Related to any such inquiry would be whether the terms of the contemplated settlement include injunctive relief because Defendants have represented to this Court that any additional injunctive relief would be duplicative. (8/7/2020 Tr. at 38).

### B. The President's August 14, 2020 Executive Order Could Result in the Destruction of Relevant Evidence.

On August 14, 2020, President Trump issued an Executive Order requiring ByteDance Ltd. to divest its interests in the TikTok software application (the "TikTok App") within 90 to 120 days (November 12, 2020 or December 12, 2020) and upon divestment to destroy all data obtained from the TikTok App and its predecessor, the Musical.ly App (the "August 14 Order"). Exhibit 3 (8/14/2020 Executive Order). Because the Executive Order could result in the destruction of evidence related to this case, Objector respectfully submits that the Court should enter a preservation order.

In the TikTok biometric litigation pending before Judge Lee, *In re: TikTok, Inc. Cons. Priv. Litig.*, No. 20 C 4699 (MDL No. 2948) (the "MDL"), Defendants have "affirmed that Defendants are actively preserving and will continue to preserve relevant evidence" and

represented that they "do not intend to spoliate any evidence in complying with [President Trump's Executive Orders]." Exhibit 4 (MDL Dkt. 16 at 1-2).

As part of the Case Management Order in the MDL, Judge Lee has ordered the preservation of evidence. Exhibit 5 (MDL Dkt. 4 ¶ 14). Objector respectfully suggests that this Court enter the same or like order.

Other than the above-described evidence preservation issue, neither the August 14 Order nor the President's August 6, 2020 Executive Order (the "August 6 Order") (Exhibit 6 (8/6/2020 Executive Order) bears on this case. The August 6 Order takes effect on September 20, 2020 and prohibits as-of-yet unspecified transactions by any person subject to jurisdiction of the United States with ByteDance Ltd., the owner of the TikTok App. *Id.* § 1(a), (c). The President issued the August 6 Order due to national security concerns. *Id.* 1-2. Litigation seeking to protect the data of American citizens furthers this goal and a search of the Web has not revealed anything that shows the August 6 Order was intended to prevent American citizens from pursuing their rights in court. Thus, the possibility of this civil litigation being included in the prohibited transactions covered by the August 6 Order is remote, if it exists at all.

While the August 14 Order requires Defendants to divest their interest in the TikTok App, as Defendants represented to Judge Lee, the impending divestment and acquisition by another party present "no risk of 'serious harm'" – *i.e.*, no risk of plaintiffs and class members not being able to collect a monetary judgment. Ex. 4 at 2. That representation holds true here.

II. **Defendants Have Internally Classified Over 16 Million Users as Children Under 14, Underscoring the Propriety of the Objections and the Impropriety of the Proposed Settlement.**

An August 14, 2020 *New York Times* article revealed that, as of July 2020, "TikTok classified more than a third of its 49 million daily users in the United States as being under 14

3

years old or younger." Exhibit 1 (Aug. 14, 2020 *New York Times* article). According to the article, Defendants used "facial recognition algorithms that scrutinize profile pictures and videos" to estimate the children's ages. *Id.*

The article: (a) directly refutes Defendants' representation at the recent hearing that "it's impossible to identify who those users are that may have lied about their age to use the service in order to send them notice" (8/7/2020 Tr. at 39:15-18); (b) highlights the huge gap in the FTC Stipulated Order that only requires the deletion of data for those children who ***identified*** as being under 13; and (c) demonstrates the need for parents to have enforceable injunctive rights against Defendants. *See* Dkt. 24-4 at 7-9 (Stipulated Order); *see In re Vizio Cons. Priv. Litig.*, No. 8:16-ml-02693-JLS-KES, 2017 WL 11420284, at *4-5 (C.D. Cal. July 25, 2017) (FTC consent decree does not moot need for separate injunction).

Based on the article, Defendants clearly have not deleted the unlawfully collected personal information of all children under 13. Moreover, based on the article, Defendants have and had the ability to identify class members who may have misstated their ages and could have directly notified them of the proposed settlement. Defendants' own documents show that they have the capability to directly notify TikTok App users. Exhibit 2 (Aug. 2018 Privacy Policy) (showing capability of providing users with information via a "notice on our Platform.")

### III. Comparable Statutory Damages Cases

Exhibits 8 - 12 are court documents describing approved and preliminarily approved settlements in statutory damages cases, which Objector respectfully submits are the proper comparables, not data breach cases. Included in the attached exhibits are the following:

- *In re Facebook Biometric Information Privacy Litig.*, No. 15-cv-03747-JD (N.D. Cal.) (Ex. 8) – Order granting preliminary approval of a $650 million settlement of Illinois Biometric Information Privacy Act ("BIPA") claims, a statute that provides for statutory damages of $1,000 or $5,000;

- *Jones v. CBC Restaurant Corp.*, No. 1:19-cv-06736 (N.D. Ill.) (Ex. 9) – Memorandum in support of preliminary approval of settlement of BIPA claims that would provide each class member with an $800 payment (preliminary approval order at Dkt. 45);

- *Wakefield v. Visalus, Inc.*, No 3:15-cv-1857-SI (D. Ore.) (Ex. 11) – Order affirming statutory damages award of $925 million in a Telephone Consumer Privacy Act ("TCPA") case;

- *Aranda v. Caribbean Cruise Line, Inc.*, No. 1:12-cv-04069 (N.D. Ill.) (Ex. 12) – Memorandum in support of final approval of a TCPA settlement that would provide most class members with a $400 payment (settlement approved at Dkt. 626).

Objector previously submitted the final approval order in *In re Vizio, Inc. Consumer Privacy Litig.*, 8:16-ml-02693-JLS-KES (C.D. Cal.), *see* Dkt. 24-13, a Video Privacy Protection Act case that awarded an estimated cash payment of $16.50 and injunctive relief. Notably, the court did not utilize the Seventh Circuit's formula for analyzing the net expected value of a case based on its strengths and weaknesses. *See Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 285 (7th Cir. 2002). As set forth at the recent hearing, even assuming an almost 50% chance of a zero recovery, the net expected value of the Video Privacy Protection Act claim in this case is over $200 million. 8/7/2020 Tr. at 43:18-44:15. Moreover, as demonstrated in Objector's proposed Class Action Complaint (Exhibit 14), the Video Privacy Protection Act claim here is strong and does not suffer from defects like those at issue in *In re Netflix Priv. Litig.*, No. 5:11-cv-000379 EJD, 2013 WL 1120801, at *4-5 (N.D. Cal. Mar. 18, 2013) (based on discovery, plaintiffs conceded their Video Privacy Protection Act claims had 5% chance of success).

The recently proposed injunction-only settlements in *McDonald v. Kiloo*, No. 3:17-cv-04344-JD (N.D. Cal.) (Exhibit 13 (Preliminary Approval Motion)), to which Plaintiffs referred at the hearing, are inapposite because: (a) those cases did not involve statutory damages; (b) as injunction-only settlements, those cases do not present the notice issues raised by Objector, Fed.

R. Civ. P. 23(c)(2); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011); and (c) also related to notice, there is no indication that the defendants used facial recognition algorithms to categorize class members' ages

**IV.     Objector's Proposed Complaint and Other Objector-Related Information.**

Exhibit 14, hereto, is a copy of Objector's proposed Class Action Complaint, which Objector respectfully requests be treated as having been filed and served *nunc pro tunc* to May 11, 2020, the date of his initial filing. (Dkt. 23).

Separately, the Honorable Sharon Johnson Coleman has appointed Objector's counsel interim lead class counsel in the consolidated action of *Mutnick v. Clearview AI, Inc.*, No. 1:20-cv-00512 (N.D. Ill.), a nationwide civil rights and privacy class action. *Mutnick* Dkt. 90.

Exhibit 15, hereto, is a copy of a declaration from A.S. regarding his TikTok App registration, subscription and use.

## CERTIFICATE OF SERVICE

I, Scott R. Drury, an attorney, hereby certify that, on August 28, 2020, I filed the foregoing document using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Scott R. Drury
*One of the attorneys for Mark S.*