# EXHIBIT 16

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| | ) **MDL No. 2948** |
| | ) |
| | ) **Case No. 1:20-cv-04699** |
| | ) |
| | ) **This Document Relates to All Cases** |
| | ) |
| | ) **STATUS REPORT BY INTERIM LEAD** |
| **IN RE TIKTOK, INC. CONSUMER** | ) **COUNSEL IN THE CONSOLIDATED** |
| **PRIVACY LITIGATION** | ) **NORTHERN DISTRICT OF** |
| | ) **CALIFORNIA ACTIONS** |
| | ) |

**I.      INTRODUCTION.**

After the submission of briefs and competing leadership slates, Judge Lucy H. Koh

appointed the undersigned counsel as Rule 23(g) Interim Lead Counsel and members of the Executive Committee for the TikTok class actions originally filed in the Northern District of California and now centralized before Your Honor (the "N.D. Cal. Actions" and "N.D. Cal. Interim Leadership Group"). The N.D. Cal. Interim Leadership Group respectfully submit this separate Status Report because it was not given the opportunity to review in advance, contribute to, or sign the "Joint Status Report" filed today exclusively by Defendants and Northern District of Illinois Counsel (the "E.R. Status Report"). As such, the E.R. Status Report is not joint, and the relief it requests raises serious concerns that materially affect our clients and the class that should be addressed. The N.D. Cal. Interim Leadership Group therefore respectfully suggests the Court schedule a status conference pursuant to the Court's Case Management Order No. 1. Because of three pressing threats to the interests of the class, the N.D. Cal. Interim Leadership Group respectfully requests that the status conference occur at the Court's earliest convenience.

Our ***first*** concern relates to the August 13, 2020 mediation referenced in the E.R. Status Report. Defendants prohibited the N.D. Cal. Interim Leadership Group from attending this mediation without justification and, since then, have kept the results of mediation a secret from the N.D. Cal. Interim Leadership Group and from others who are Interim Counsel pursuant to this Court's Case Management Order No. 1. As a result, the N.D. Cal Interim Leadership Group was prevented from representing our clients' and the class's best interests. Defendants used this tactic to hand-select counsel to represent *their own adversaries* at a time when the only Rule 23(g) Court-appointed lead counsel were excluded.

Defendants and E.R. Counsel purport to have settled our claims based on work product that only the N.D. Cal. Interim Leadership Group has researched, litigated, and pled, and to have done so without allowing the group's cooperation, input, or involvement at mediation. The N.D.

Cal. Interim Leadership Group filed the first of the consolidated actions in November 2019, five months before the next action was filed, and the extensive nature of our multiple years of work in the case is reflected in our pleadings, which contain more detail and substance than any other. Defendants' excluding us from the mediation put the class at a structural disadvantage.

Defendants and E.R. Counsel now jointly seek a court order that no leadership appointment process occur except in connection with E.R. Counsel's far-in-the-future motion for preliminary approval of their secret settlement – even though no details of that settlement have been shared with the N.D. Cal. Interim Leadership Group despite repeated requests. That is unreasonable.

Our *second* concern relates to President Donald J. Trump's August 14, 2020 Executive Order mandating the destruction of crucial evidence the class requires to prove its claims. The N.D. Cal. Interim Leadership Group believes this will require a Preservation Order specifically tailored to these unique circumstances.

Our *third* concern, which compounds the others, is the proposed stay requested in the E.R. Status Report. Until leadership is resolved, our position is that no counsel should be seeking a stay or otherwise inhibiting the advancement of the class's interests. Moreover, the N.D. Cal. Interim Leadership Group opposes Defendants' and E.R. Counsel's proposed 90-day stay as prejudicial to the class because: (i) it would undermine the class's ability to proactively address President Trump's orders banning TikTok, which could and should be timely addressed on a class-wide basis; (ii) it would prevent the class from seeking to preserve the critical data threatened by the August 14 Executive Order (above); and (iii) it would prevent the appointment of interim lead counsel who could protect the class from these issues pursuant to the Court's Case Management Order No. 1. The proposed stay would also prevent the filing of additional

claims which the N.D. Cal. Interim Leadership Group intends to pursue. In sum, the proposed stay would prejudice the class.

## II.      THE AUGUST 13 MEDIATION

This Court has not issued a Rule 23(g) leadership decision detailing who can appropriately speak for the class in the centralized actions. Instead, Defendants improperly selected which plaintiffs' counsel could attend and represent the class at the August 13 mediation, and barred the Court-appointed N.D. Cal. Interim Leadership Group—who have the longest history in this litigation—from attending. Defendants' improper selection of opposing counsel structurally disadvantaged the class by excluding a group of lawyers who have developed the broadest claims and most detailed technical information that could have been used to advance the class's interest, and who previously mediated the case with Defendants on April 6, 2020, *before* the filing of any competing cases.

After months of requesting that the five firms comprising the N.D. Cal. Interim Leadership Group participate in the August 13 mediation, Defendants reversed course immediately after the Judicial Panel on Multi-District Litigation ("JPML") issued its August 4 centralization order, and barred the N.D. Cal. Interim Leadership Group.[1]

Defendants tried to justify this improper reversal on their baseless, supposed suspicion that two member firms of the N.D. Cal. Interim Leadership Group, including Interim Lead Counsel Ekwan E. Rhow, are secretly pursuing this case on behalf of Defendants' potential acquirers and/or are assisting President Trump with the impending TikTok ban. ***This accusation was, and always has been, false***. Indeed, Defendants never sought to disqualify the firms at

---

[1] Earlier, the N.D. Cal. Interim Leadership Group had suggested postponing mediation efforts precisely because venue and leadership had not been resolved. This offer was rejected.

issue, were forced to acknowledge they have no evidence of any such alleged conflicts, and tried to justify their transparent maneuvering based on a mere "feeling." Nonetheless, in a gesture of goodwill, the two targeted firms offered to sign affidavits attesting to their lack of conflicts and their promise to maintain the confidentiality of the mediation negotiations, but Defendants rebuffed those efforts.

Defendants instead stated they would allow Megan Jones from Hausfeld LLP – a Court-appointed member of the Executive Committee jointly in charge of settlement with Mr. Rhow and a partner at one of the other three firms among the N.D. Cal. Interim Leadership Group – to attend, but only upon the unreasonable condition that she pledge not to share any mediation information with the two targeted firms – including Interim Lead Counsel Mr. Rhow – who had the longest experience with the case. The N.D. Cal. Interim Leadership Group were forced to reject this unreasonable condition because it would violate both (1) Judge Koh's Rule 23(g) standing order mandating internal communication with Interim Lead Counsel on matters concerning potential settlement; and (2) the rules of professional responsibility requiring communication between clients and their counsel of choice. Despite explaining to Defendants why this condition was unacceptable, Defendants refused to alter their position, and E.R Counsel nonetheless proceeded to mediation without the N.D. Cal. Interim Leadership Group.[2]

As a result of Defendants' actions, the N.D. Cal. Interim Leadership Group was barred from presenting at mediation a new claim they filed in an amended complaint in this Court on August 14 pertaining to Defendants' unlawful distribution of TikTok users' video viewing history to third parties in violation of the Video Privacy Protection Act, 18 U.S.C. § 2710 *et seq.*,

---

[2] A pre-mediation email exchange on these issues between Defendants, E.R. Counsel, and the N.D. Cal. Interim Leadership Group is attached as **Exhibit A**.

which provides for statutory damages in the billions of dollars given the over 100 million class members. *In re TikTok, Inc. Privacy Litig.*, Case No. 1:20-cv-04723, Doc. No. 89 at ¶ 3, 54-57, 288-96. Also, given its forced absence from the August 13 mediation, the N.D. Cal. Interim Leadership Group was unable to present the factual and legal support for its other myriad claims against Defendants, including California causes of action not found in the other TikTok class action complaints and BIPA factual allegations unique to the N.D. Cal. Interim Leadership Group's complaint based on its extensive domestic and foreign investigations.

Prior to suddenly changing their position after the JPML order, Defendants had conceded that the participation of the N.D. Cal. Interim Leadership Group was essential to the mediation. E.R. Counsel similarly acknowledged that participation by the N.D. Cal. Interim Leadership Group was critical to a fair mediation in view of the work the group has done. Yet the E.R. Status Report purports to have reached a settlement in principle with Defendants concerning claims that E.R. Counsel did not bring – and to have done so without our participation, which was blocked by Defendants.

## III.  THE AUGUST 14 EXECUTIVE ORDER.

On August 14, President Trump issued an Executive Order through the Office of the Press Secretary, which is attached as **Exhibit B**. This Order's directives to divest and destroy data relevant to these centralized cases pose a serious and imminent threat to the class's ability to prove its allegations and establish a factual and legal basis for the relief to which it is entitled.

Specifically, pursuant to the Executive Order, within 90 or 120 days, Defendants must "divest all interests and rights in" (1) "any tangible or intangible assets or property" used for operation of the TikTok app in the United States, and (2) "any data obtained or derived from" TikTok users in the United States. *See* Exhibit B at § 2(b)(i)-(ii). Critically, "upon divestment,

ByteDance shall certify in writing to CFIUS that ***it has destroyed all data that it is required to divest pursuant to section 2(b)(ii), as well as all copies of such data wherever located*** ….” *See* Exhibit B at § 2(c) (emphasis added).

While the N.D. Cal. Interim Leadership Group agrees that TikTok should not retain such data for its own use, it is necessary to act to preserve this data in the hands of a trusted party in the United States to protect the class's ability to prove its claims. Defendants' procedurally-improper settlement and requested stay cannot moot the need to address this issue, since Defendants propose withholding the settlement from scrutiny until after the Executive Order's deadline. And even if it were presented earlier, final approval and the exhaustion of appeals could not occur before the Executive Order's deadline. Thus, the class requires protection immediately.

## IV. <u>THE PROPOSED STAY BY DEFENDANTS AND E.R. COUNSEL.</u>

Without notice to the N.D. Cal. Interim Leadership Group or certain other counsel, and without any explanation as to its necessity at this time, Defendants and E.R. Counsel requested a 90-day stay. Their proposed stay would deprive the class of the ability to proactively respond to President Trump's orders banning TikTok, which could play a role in obtaining the best possible settlement for the class. This proposed stay would also prevent the class from seeking to preserve the critical data threatened by the August 14 Executive Order; it would prevent the appointment of interim lead counsel (pursuant to the Court's Case Management Order No. 1) who could advance the class's interests; and, it would prevent the filing of additional claims that the N.D. Cal. Interim Leadership Group believes may be appropriate.

The N.D. Cal. Interim Leadership Group remains committed to working cooperatively with all counsel, but the proposed stay would be detrimental to the interests of the class, and the

N.D. Cal. Interim Leadership Group opposes it for those reasons. The N.D. Cal. Interim Leadership Group believes that any stay and/or purported settlement should be resolved after leadership is determined when Court-appointed counsel can speak for the Class and represent *all* claims in this litigation.

## V.    CONCLUSION.

To avoid prejudice to the class, the N.D. Cal. Interim Leadership Group respectfully requests that the Court schedule a status conference at its earliest convenience and reject the Defendants' and E.R. Counsel's proposed stay.

DATED:  August 17, 2020

**BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.**

By: _____
       */s/ Ekwan E. Rhow*
              Ekwan E. Rhow
       BIRD, MARELLA, BOXER, WOLPERT,
       NESSIM, DROOKS, LINCENBERG
       & RHOW, P.C.
       1875 Century Park East, 23rd Floor
       Telephone: (310) 201-2100
       Email: erhow@birdmarella.com

       Interim Lead Counsel in the N.D. Cal. Actions
       Attorneys for Plaintiffs Misty Hong, minor A.S.,
       through her mother and legal guardian Laurel
       Slothower, and minor A.R., through her mother
       and legal guardian Gilda Avila

DATED:  August 17, 2020      **GLANCY PRONGAY & MURRAY LLP**

By:      */s/ Kara M. Wolke*
          Kara M. Wolke
1925 Century Park East, Suite 2100
Los Angeles, California  90067-2561
Telephone: (310) 201-9150
Los Angeles, California 90067-2561
Email: info@glancylaw.com

Member, Executive Committee, N.D. Cal. Actions
Attorneys for Plaintiffs Misty Hong, minor A.S.,
through her mother and legal guardian Laurel
Slothower, and minor A.R., through her mother
and legal guardian Gilda Avila

DATED:  August 17, 2020      **PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP**

By:      */s/ David M. Given*
          David M. Given
39 Mesa Street, Suite 201, The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900
Email: dmg@phillaw.com

Member, Executive Committee, N.D. Cal. Actions
Attorneys for Plaintiffs Meghan Smith, minors
C.W. and I.W., through their mother and legal
guardian Mikhaila Woodall, and minor R.P.,
through her mother and legal guardian Lynn
Pavalon

DATED: August 17, 2020

**HAUSFELD LLP**

By: _____/s/ Megan E. Jones_____

Megan E. Jones
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Telephone: (415) 633-1908
Email: mjones@hausfeld.com

Member, Executive Committee, N.D. Cal. Actions
Attorneys for Plaintiffs minor P.S., through her
legal guardian Cherise Slate, and minor M.T.W.,
through her legal guardian, Brenda Washington

DATED: August 17, 2020

**BURNS CHAREST LLP**

By: _____/s/ Amanda Klevorn_____

Amanda Klevorn
365 Canal Street, Suite 1170
New Orleans, Louisiana 70115
Telephone: (504) 779-2845
Email: aklevorn@burnscharest.com

Member, Executive Committee, N.D. Cal. Actions
Attorneys for Plaintiffs minor P.S., through her
legal guardian Cherise Slate, and minor M.T.W.,
through her legal guardian, Brenda Washington

DATED: August 17, 2020

**LAWRENCE KAMIN, LLP**

By: _____/s/ Peter E. Cooper_____

Peter E. Cooper
300 S. Wacker Dr., Ste. 500
Chicago, IL 60606
Telephone: (312) 372-1947
Email: pcooper@lawrencekamin.com

Attorneys for Plaintiffs, N.D. Cal. Actions