IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| T.K., THROUGH HER MOTHER, SHERRI LESHORE, and A.S., THROUGH HER MOTHER, LAURA LOPEZ, individually and on behalf of all others similarly situated, ) ) ) ) ) | |
| | Case No. 19 C 7915 |
| Plaintiffs, ) ) | |
| | Judge John Robert Blakey |
| vs. ) ) | |
| | Magistrate Judge M. David Weisman |
| BYTEDANCE TECHNOLOGY CO., LTD., MUSICAL.LY INC., MUSICAL.LY THE CAYMAN ISLANDS CORPORATION, and TIKTOK, INC., ) ) ) ) ) | |
| Defendants. ) | |

**OBJECTOR MARK S.'s MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENFORCEMENT OF PRELIMINARY INJUNCTION AND FOR REASSIGNMENT AND CONSOLIDATION OF THE RELATED TIKTOK MDL**

Dated: September 9, 2020

Respectfully submitted,

MARK S.

By: /s/ Scott R. Drury
SCOTT R. DRURY
*One of the attorneys for Mark S.*

Mike Kanovitz
Scott R. Drury
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
mike@loevy.com
drury@loevy.com

## INTRODUCTION

Objector Mark S. brings this motion seeking: (a) enforcement of the Court's December 19, 2019 preliminary injunction (the "Preliminary Injunction") barring settlement class members ("Settlement Class Members") from filing any claims released pursuant to the proposed settlement under consideration by the Court (the "Proposed Settlement"); and (b) to reassign to this Court and consolidate with this action the multidistrict litigation matter captioned *In re: TikTok, Consumer Privacy Litig.*, No. 1:20-cv-4699 (MDL 2948) (N.D. Ill.) (Lee, J.) (the "TikTok MDL"). The requested relief is necessary because: (a) multiple Settlement Class Members have violated the Court's preliminary injunction and filed enjoined claims that are now part of the TikTok MDL; and (b) Defendants ByteDance Technology Co., Ltd.; Musical.ly Inc.; Musical.ly the Cayman Islands Corporation; and TikTok, Inc. (collectively, "Defendants") now seek to settle those enjoined claims in the TikTok MDL, as well as other claims that already are part of the Proposed Settlement. Indeed, at the same time Defendants were asking this Court to approve the Proposed Settlement, in the TikTok MDL, they were actively seeking to thwart any chance of this case moving forward on the merits by trying reach a shadow settlement covering the same claims.

The Court should not tolerate these games. The Court entered the Preliminary Injunction to protect Settlement Class Members and preserve the status quo during the pendency of the Court's consideration of the Proposed Settlement. The Court should now enforce its injunction.

Relatedly, to prevent further gamesmanship and prevent Defendants from moving forward with two settlements before different judges that cover the same claims, the Court should find that the TikTok MDL is related to this case, reassign it to this Court and consolidate it herewith.[1] Alternatively, Objector respectfully suggests that the Court should informally coordinate with

---

[1] A consolidated complaint has not yet been filed on behalf of all plaintiffs in the TikTok MDL. Pursuant to Local Rule 40.4(c), Objector attaches hereto as Exhibits 1 and 2, a copy of the consolidated complaints

1

Judge Lee in order to prevent wasteful overlap. Objector respectfully submits that such coordination could include allowing this case to proceed on behalf of minors under the age of 13 and the TikTok MDL to proceed on behalf of children ages 13 and over.

## BACKGROUND FACTS

*T.K. v. ByteDance Technology Co., Ltd.*

On December 3, 2019, T.K. and A.S., minors under the age of 13, filed this action against Defendants, alleging violations of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710, among other claims, on behalf of a putative nationwide class of "[a]ll persons residing in the United States who registered for or used the Musical.ly and/or TikTok software application prior to the Effective Date when under the age of 13 and their parents and/or legal guardians." Dkt. 1 at ¶ 61, Count I. At base, the complaint alleged that Defendants "surreptitiously tracked, collected, and disclosed the personally identifiable information and/or viewing data of children under the age of 13 – without parental consent" while they used Defendants' online software application (the "TikTok App"). *Id.* ¶ 1. The complaint further alleged that the Children's Online Privacy Protection Act ("COPPA"), 15 U.S.C. § 6501, *et seq.*, prohibited that conduct. *Id.* ¶ 11. Quoting COPPA, the complaint alleged that "personally identifiable information" broadly meant "individually identifiable information about an individual collected online." *Id.* ¶ 13.

*The Proposed Settlement*

On December 5, 2019, Plaintiffs moved for preliminary approval of the Proposed Settlement, which they claimed would provide each of the approximately six million class members who submitted a valid claim with a *pro rata* share of $1.1 million net of fees, expenses

---

filed on behalf of the broadest number of plaintiffs and which contain the broadest claims. To ensure notice to all TikTok MDL plaintiffs, Objector intends to file a copy of this memorandum and related motion on the docket of the TikTok MDL.

and awards. *See* Dkt. 5-1 at 25-28 ¶¶ 5.1, 6; Dkt. 5 at 11 (estimating class size). The Proposed Settlement was "intended by the parties to fully, finally, and forever resolve, discharge and settle the Released Claims . . . ." on behalf of a settlement class that mirrored the class definition above. *See* Dkt. 5-1 at 22 ¶¶ 1.2, 2.3. The Proposed Settlement defined "Released Claims" very broadly:

> "Released Claims" means any claims, complaints, actions, proceedings, or remedies of any kind (including without limitation, claims for attorneys' fees and expenses and costs) whether in law or in equity, under contract or any other subject area, or under any statute, rule, regulation, order, or law whether federal, state, or local, on any grounds whatsoever, arising from the beginning of time through the Effective Date, that were, could have been or could be asserted by the [Plaintiffs and class members] arising out of or relating to any acts, facts, omissions or obligations, whether known or unknown, whether foreseen or unforeseen, arising out of or relating to the Civil Actions or the subject matter of the Complaint.

*Id.* at 24 ¶ 2.24. The term "Civil Actions" as used in the definition of "Released Claims" meant "all of the civil actions, arbitrations, or other legal proceedings that have been, will be, or could be initiated by Plaintiffs relating to the subject matter at issue in the Complaint." *Id.* at 22 ¶ 2.2.

### The Preliminary Injunction

On December 19, 2019, this Court preliminarily approved the Proposed Settlement and entered the Preliminary Injunction. *See* Dkt. 12-13. The Preliminary Injunction enjoined Settlement Class Members "from bringing any new alleged class actions asserting any Released Claim or attempting to amend an existing action to assert any Released Claim." *Id.* at 8 ¶ 16. The Preliminary Injunction remains in effect.

### The Objection

On May 11, 2020, Objector timely filed his objections to the Proposed Settlement and moved to intervene (collectively, the "Objections"). Dkt. 23-24. Objector contended, *inter alia*, that the Proposed Settlement was fair, reasonable and adequate because it: (a) failed to obtain any meaningful benefit for Settlement Class Members; and (b) released valuable claims without

3

adequate consideration. Dkt. 24 at 28-37. Objector highlighted that the paltry settlement amount did not: (a) account for the fact that the VPPA provides for statutory damages of $2,500; or (b) provide adequate compensation for the release of valuable statutory claims, such as those allowed under Illinois' Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.* Dkt. 24 at 33-34.

In compliance with the Preliminary Injunction, Objector has not filed his own action seeking to assert any Released Claim. However, he has submitted a proposed class action complaint in connection with his motion to intervene. Dkt. 50-14.

After the parties fully briefed the Objections, the Court held a hearing over two days during which Objector emphasized that: (a) the VPPA claim was worth as much as $15 billion and that its net expected value was $204 million (Exhibit 3 (Aug. 7, 2020 Tr.) at 42:22-44:9); and (b) the Proposed Settlement's broad release unquestionably included BIPA claims. Exhibit 4 (Aug. 4, 2020 Tr.) at 18:12-21:7. Plaintiffs' counsel agreed that the release "could be construed . . . as a very broad release." Ex. 3 at 21:22-22:2.

During the Objection hearings, defense counsel represented to the Court that the VPPA claim lacked merit and that BIPA claims alleged against Defendants in the TikTok MDL were sanctionable. *Id.* at 36:13-19, 54:5-18. As such, defense counsel contended that the Court should overrule the Objections.

***The Settlement Class Members' Violations of the Preliminary Injunction***

Multiple Settlement Class Members have violated the Preliminary Injunction by asserting "Released Claims" in the TikTok MDL. For instance, on August 14, 2020 – just days after this Court's August 7, 2020 hearing wherein Objector highlighted the value of the VPPA claim – multiple Settlement Class Members amended a previously-filed complaint to assert a VPPA claim

4

on behalf of "[a]ll persons who used the TikTok app and/or the Musical.ly app on one or more of their mobile devices while residing in the United States" (the "August 2020 Complaint").[2] Ex. 1 ¶¶ 156, 161, 172, 178, 184, 196, 288-296. The alleged class includes all Settlement Class Members.

The August 2020 Complaint also realleged BIPA claims that the named plaintiffs first asserted *after* entry of the Preliminary Injunction.[3] *Id.* ¶¶ 99-113, 272-287; *see also* Exhibit 5 (May 11, 2020 Complaint). According to the August 2020 Complaint, Defendants[4] collected the plaintiffs' and class members' personally identifiable information – namely, biometric data in the form of facial geometry and voice scans – online via the TikTok App without the requisite consent. *See id.*

### The TikTok MDL

#### *Violations of the Rules of the Joint Panel on Multidistrict Litigation*

On May 15, 2020 – nearly five months after the filing of this case – a § 1407(a) motion to transfer and consolidate numerous complaints filed against Defendants for alleged BIPA violations was filed with the Joint Panel on Multidistrict Litigation (the "Panel"). Exhibit 7 (§ 1407 transfer motion). This case was not among the actions for which transfer was sought (*see id.*) even though it involved "common questions of fact" with the other actions subject to the motion – *e.g.*, whether Defendants collected, captured and distributed personally identifiable information of minor

---

[2] The named plaintiffs filed the August 2020 Complaint in matter number 1:20-cv-4723 (N.D. Ill.) (Lee, J.) (*see* Dkt. 89), not on the MDL docket. The August 20 Complaint identifies numerous plaintiffs under the age of 13. *See* Ex. 1 at ¶¶ 156, 161, 172, 178, 184. Objector does not know the full extent of named plaintiffs in the TikTok MDL who are under 13 because the underlying complaints do not always identify the plaintiffs' precise ages.

[3] The first complaint alleging BIPA violations against Defendants was not filed until April 2020, well after this Court entered its Preliminary Injunction. *See* Exhibit 6 (N.D. Ill. Plaintiffs' Response to § 1407 Transfer Motion) at 5, n.4 (describing timing of BIPA filings).

[4] Some of the underlying cases in the TikTok MDL named "ByteDance, Inc." as a defendant. While ByteDance, Inc. is not a named defendant in this case, that fact does not impact this motion in any way. ByteDance, Inc. is represented by the same counsel representing the other Defendants.

children without the requisite consent. Indeed, in one of the responses to the motion, a group of plaintiffs stated that their actions arose out of "Defendants' alleged collection and dissemination of users' private data without their consent." Ex. 6 at 10. That description of their case was almost identical to the description of this case as set forth in the complaint herein. Dkt. 1 ¶ 1.

Due to the common questions of fact between this action and the TikTok MDL and because Defendants and their counsel were involved in both matters, the Panel's Rules required Defendants or their counsel to notify the Panel of this case. *See* JPML Rules 1.1(h), 6.2(d). Defendants were aware of their notice obligations under the Rules and, in fact, twice filed notices of related actions with the Panel. Exhibit 8 (June 5, 2020 Notice); Exhibit 9 (June 15, 2020 Notice and complaint). The second notice informed the Panel of an action alleging "violations of several privacy statutes on behalf of a nationwide class of TikTok App users." Ex. 9. That related action alleged VPPA and BIPA violations. *See id.*

Inexplicably, Defendants never notified the Panel of this case. As such, Defendants prevented the Panel from considering all material information when making its decision on consolidation and transfer. Relatedly, it does not appear that Defendants have made Judge Lee aware of this case.

### *The Prohibited Settlement in the TikTok MDL*

Defendants and various plaintiffs to the TikTok MDL (the "MDL Settling Parties") have informed Judge Lee that they have reached a settlement in principle. Exhibit 10 (Aug. 16, 2020 Joint Status Report) ¶ 4. According to defense counsel, the proposed settlement seeks to resolve all claims asserted in the TikTok MDL, including VPPA claims. *See* Exhibit 11 (email chain). While defense counsel did not directly state that the purported settlement covers BIPA claims, the TikTok MDL includes those claims. As such, the purported settlement and the Proposed

6

Settlement directly overlap, given that the Proposed Settlement covers the VPPA claim alleged in the complaint herein and releases BIPA claims.

According to the MDL Settling Parties, they intend to present Judge Lee with the purported settlement on or before November 16, 2020. Ex. 10 ¶ 6. While they have made Judge Lee aware of their purported settlement, it does not appear that they have disclosed: (a) the overlap between the purported settlement and the Proposed Settlement in this case; or (b) that they seek to settle claims this Court had enjoined from being asserted in the first instance.

## ARGUMENT

I. **The Court Should Enforce Its Preliminary Injunction.**

    A. **Legal Standards.**

Federal Rule of Civil Procedure 71 allows a non-party beneficiary of an injunction to seek enforcement thereof: "When an order grants relief for a nonparty, the procedure for enforcing the order is the same as for a party." Fed. R. Civ. P. 71; *see also Zamecnik v. Indian Prairie School Dist. No. 204*, 636 F.3d 874, 879 (7th Cir. 2011) (non-party beneficiary of injunction may seek to enforce it); *Green v. Sielaff*, No. 71 C 1403, 1992 WL 175511, at *2 (N.D. Ill. July 23, 1992) (same). "Injunctions often run in favor of unnamed members of a group, and this is proper as long as the group is specified." *Zamecnik*, 636 F.3d at 879. An injunction need not name the parties who may enforce it. *Id.*

    B. **Objector May Seek to Enforce the Preliminary Injunction.**

As a Settlement Class Member, Objector is a non-party beneficiary of the Preliminary Injunction who may seek to enforce its terms. The Preliminary Injunction provides that "Settlement Class Members are preliminarily enjoined from bringing any new alleged class actions asserting any Released Claim or attempting to amend an existing action to assert any Released

Claim." Dkt. 13 ¶ 16. By enjoining Settlement Class Members from asserting "Released Claims" in a new or amended class action, the Preliminary Injunction seeks to protect Settlement Class Members by: (a) maintaining the status quo during the pendency of the settlement approval process; and (b) preventing enterprising Settlement Class Members from attempting to obtain different relief or otherwise thwart the settlement via an action in a different venue and/or before a different judge.

Further, by maintaining the status quo, the Preliminary Injunction prevents that possibility that Settlement Class Members will be confronted with multiple competing settlement notices or will have to file objections in multiple forums. Moreover, by preserving the status quo, the Preliminary Injunction was intended to prevent the situation that has arisen here, where an objector raises valid objections to a defective settlement only to have others seek to reap the spoils of the objector's efforts in a different forum.

Even if Objector could not seek to enforce the Preliminary Injunction, the Court could enforce it by issuing show-cause orders to Settlement Class Members who have violated its terms. *See United States v. Vitek Supply Co.*, 151 F.3d 580, 583 (7th Cir. 1998) (show-cause orders provide offending parties with notice of violations of orders and offer a hearing). Objector respectfully submits that in connection with enforcing the Preliminary Injunction, the Court may wish to issue show-cause orders.

      **C.    The Court Should Enforce the Preliminary Injunction.**

Multiple named plaintiffs in the TikTok MDL are Settlement Class Members – *i.e.*, they are children under 13 residing in the United States who registered for or used the TikTok App. *See* Dkt. 5-1 at 22 ¶ 2.3; *see also, e.g.,* Ex. 1 ¶¶ 156, 161, 172, 178, 184. In violation of the Preliminary Injunction, those Settlement Class Members have brought "new alleged class actions asserting

8

Released Claims" and/or attempted "to amend an existing action to assert any "Released Claim." *See* Dkt. 13 ¶ 16. As discussed above, various Settlement Class Members recently amended their class action complaint to allege violations of the VPPA. *See* Ex. 1 at Count 10. Given the VPPA's centrality to this case, no credible claim can be made that the Preliminary Injunction does not preclude Settlement Class Members from asserting such a claim.

The same is true of the BIPA claims. As Objector has argued since he filed his Objections, the Proposed Settlement's broad release encompasses BIPA claims. *See* Dkt. 24 at 31, 33. Given that BIPA prohibits the collection and distribution of biometric data – the most sensitive type of personally identifiable information – without consent, *see* 740 ILCS 14/15(b) and (d), any contention that the Proposed Settlement's broad release does not cover those claims is absurd. Indeed, the general descriptions of this matter and the TikTok MDL are largely the same:

> THIS CASE: "Defendants tracked, collected, and disclosed the personally identifiable information and/or viewing data of children under age 13 – without parental consent" while the children used the TikTok App. Dkt. 1 ¶ 1.
>
> TIKTOK MDL: "Defendants, through the TikTok app, collected, captured, obtained, stored, and upon information and belief, disclosed . . . Illinois resident minor TikTok users' biometric information" . . . "without seeking and obtaining consent . . . from such impacted minors and their parents or lawful guardians." *See* Ex. 2 ¶¶ 8, 11.

Notably, the broad definition of "personally identifiable information" alleged in the complaint herein necessarily includes children's biometric information. *See* Dkt. 1 ¶ 13.

After the entry of the Preliminary Injunction on December 19, 2019, Settlement Class Members were prohibited from asserting any VPPA or BIPA claims, among other claims, against Defendants. It follows that Defendants were and are prohibited from settling those enjoined claims, given that they should not have been asserted in the first instance. Thus, Objector respectfully requests that the Court enforce its Preliminary Injunction and: (a) preclude any Settlement Class

9

Members from further pursuing enjoined claims already filed or from filing new enjoined claims; and (b) preclude Defendants from settling any enjoined claims.

**II.     The Court Should Reassign the TikTok MDL to This Court and Consolidate It With This Case or, Alternatively, It Should Informally Coordinate with Judge Lee to Prevent Overlap.**

While enforcement of the Preliminary Injunction will protect the status quo while the Court considers the Proposed Settlement, to ensure efficiency moving forward and prevent the possibility of Defendants presenting two settlements to different judges that cover the same claims, the Court should deem the TikTok MDL related to this case, reassign it to this Court and consolidate it herewith. Alternatively, the Court should informally coordinate with Judge Lee to avoid wasteful overlap.

**A.     Legal Standards.**

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892-93 (2016). Among these inherent powers is the power to control the transfer and assignment of cases." *Capps v. Drake*, 894 F.3d 802, 805 (7th Cir. 2018).

Local Rule 40.4 sets forth a two-step process for relating and reassigning cases. First, the Court determines if the cases are "related" – a requirement that is satisfied "if one or more of the following conditions are met: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same." L.R. 40.4(a). Second, if the cases are "related," they may be reassigned to the judge overseeing the lowest-numbered case provided that:

> (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the

10

> earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding.

L.R. 40.4(b). For cases to be related under Local Rule 40.4(a), they need only involve some of the same issues of fact or law; there need not be complete identity of issues. *Gautreaux v. Chicago Hous. Auth.*, No. 66-C-1459, 2013 WL 5567771, at *2 (N.D. Ill. Oct. 9, 2013).

Local Rule 40.4 "promotes efficient use of judicial resources by minimizing duplication of effort on cases that have a great deal in common." *Glob. Patent Holdings, LLC v. Green Bay Packers, Inc.*, No. 00 C 4623, 2008 WL 1848142, at *2 (N.D. Ill. Apr. 23, 2008). Indeed, the Seventh Circuit has held that "[b]y far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge. Rules of the Northern District permit just such a process." *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 839 (7th Cir. 1999).

Similar to Local Rule 40.4, Federal Rule of Civil Procedure 42(a) allows a court to consolidate cases if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). Where related suits "are pending in the same court," the "best means of avoiding wasteful overlap . . . is to consolidate all before a single judge." *Hedick v. Kraft Heinz Co.*, No. 19-cv-1339, 2019 WL 4958238, at *3 (N.D. Ill. Oct. 8, 2019).

In determining whether to consolidate related actions, "a court should consider whether the proposed consolidation would promote convenience and judicial economy . . . and whether it would cause prejudice to any party." *Sylverne v. Data Search N.Y., Inc.*, No. 08 C 31, 2008 WL 4686163, at *1 (N.D. Ill. May 28, 2008) (internal citations omitted). Consolidation is proper where it will ease the burden on the court and the parties of having separate dockets, separate briefs and separate orders for related suits. *See Blair*, 181 F.3d at 839; *Hedick*, 2019 WL 4958238, at *3.

Importantly, "consolidation of separate actions presenting a common issue of law or fact is permitted under Federal Rule 42 as a matter of convenience and economy in judicial administration." Wright & Miller, Fed. Prac. & Proc. Civ. § 2383 (3d ed.), Consolidation—Discretion of Court. As such, "[t]he district court is given broad discretion" to determine whether consolidation "would be desirable," and the "consent of the parties is not required." *Id.* Thus, a "court can in appropriate circumstances consolidate cases before it . . . , whether or not the parties want the cases consolidated . . . ." *Connecticut Gen. Life Ins. Co. v. Sun Life Assur. Co. of Canada*, 210 F.3d 771, 774 (7th Cir. 2000); *see also Smith v. N.E.. Ill. Univ.*, No. 98 C 3555, 2002 WL 377725, at *6 (N.D. Ill. Feb. 28, 2002) ("It is within the court's discretionary power to order consolidation, *sua sponte*, even if all parties object[.]").

**B.      Relation, Reassignment and Consolidation Are Proper.**

        **1.      The Matters Are Related.**

Whether by this motion or *sua sponte*, the Court should: (a) find that the TikTok MDL is related to this case; (b) reassign it to this Court; and (c) consolidate it herewith. The TikTok MDL and this case easily satisfy Local Rule 40.4's relatedness test. The matters: (a) involve overlapping factual and legal issues, *e.g.*, whether Defendants surreptitiously and unlawfully collected and distributed minor children's personally identifiable information without consent, and whether that conduct violated various federal and state statutes; and (b) grow out of the same transaction or occurrence – *i.e.*, minor children's use of the TikTok App during which Defendants unlawfully collected their personally identifiable information without parental consent. Moreover, while the matters do not involve identical classes, the nationwide class in the TikTok MDL includes all class members in this action. Finally, the matters involve the same property, namely, the minor children's privacy rights.

### 2. The TikTok MDL Should Be Reassigned to This Court.

Analysis of the reassignment factors reveals that the TikTok MDL should be reassigned to this Court. First, both cases are pending in the Northern District of Illinois. Second, the handling of both matters by the same judge is likely to result in a substantial saving of judicial time and effort given the overlapping factual and legal issues and overlapping classes. Indeed, to the extent the parties to the TikTok MDL actually present a settlement proposal, allowing this Court to review that proposal makes the most sense given that it already has held a hearing on the overlapping Proposed Settlement. Third, this case has not progressed to the point where designating the TikTok MDL as related would substantially delay this case's proceedings. In fact, given that this Court is actively considering the fairness and adequacy of the Proposed Settlement, it would be beneficial and efficient to consider both settlements at once. If the settlements are not approved, both matters are in their early stages. Finally, as made clear throughout, the cases are susceptible to disposition in a single proceeding given the identity of factual and legal issues and the overlapping Defendants.

### 3. The Court Should Consolidate the TikTok MDL with This Case.

The grounds supporting relatedness and reassignment also support consolidation of this matter and the TikTok MDL. The identity of issues and parties ensures that consolidation will not result in any prejudice.

### 4. Alternatively, this Court Should Informally Coordinate with Judge Lee.

Should the Court not wish to relate, reassign and consolidate the TikTok MDL with this matter, Objector respectfully suggests that it should informally coordinate with Judge Lee to prevent wasteful overlap. Objector respectfully submits that a logical way to coordinate these matters would be to allow this case to proceed on behalf of children under 13, while the TikTok MDL proceeds on behalf of children 13 and over. Coordination of discovery is also possible.

## 5. Defendants' Violations of the Panel's Rules Weigh in Favor of Reassignment and Consolidation.

Objector is aware that 28 U.S.C. § 1407(b) provides for the judge to whom the Panel assigns a multidistrict matter to handle the matter. 28 U.S.C. § 1407(b). Because Defendants' violated the Panel's Rules by failing to notify it of this case, the Panel made its decision in the absence of material information. While Objector does not in any way question Judge Lee's ability to preside over the TikTok MDL, Objector respectfully submits that the Court should revert to Local Rule 40.4 and Federal Rule of Civil Procedure 42(a) in determining the proper assignment of the TikTok MDL.

The Panel's Rules require parties or their counsel to promptly notify the Panel of any potential tag-along actions to the actions under consideration: "Any party or counsel in a new group of actions under consideration for transfer under Section 1407 ***shall promptly notify the Clerk of the Panel of any potential tag-along actions in which the party is also named or in which that counsel appears***." JPML Rule 6.2(d) (emphasis added). The Rules define a "tag-along action" as a "civil action pending in a district court which involves common questions of fact with either (1) actions on a pending motion to transfer to create an MDL or (2) actions previously transferred to an existing MDL, and which the Panel would consider transferring under Section 1407." JPML Rule 1.1(h).

Here, at minimum, this case was a tag-along action that Defendants and their counsel were required to disclose. As discussed throughout, this case shares common questions of fact with the TikTok MDL. Moreover, Defendants notified the Panel of another case against Defendants that alleged "violations of several privacy statutes," including the VPPA. *See* Ex. 8. Thus, Defendants have no excuse for their failure to notify the Panel of this matter.

Notably, Defendants' inaction has benefitted them by allowing them to continue advocating for the deficient settlement in this case, while at the same time working to preclude ongoing litigation of the VPPA claim by seeking to settle it in the TikTok MDL. The Court should not allow Defendants to game the system in this manner. As a matter of policy, failure to transfer the TikTok MDL to this Court will encourage the type of wasteful judge shopping that seemingly is at play here. Parties should not be encouraged to withhold material information that works to prejudice the courts and litigants who play by the rules.

Finally, during the hearings on the Objections, Plaintiffs' counsel baselessly accused Objector's counsel of plotting to take control of the TikTok MDL. That has never been the case. At all times, Objector has merely been trying to protect his and class members' rights. In line with that objective, Settlement Class Members' violation of the Preliminary Injunction and Defendants' efforts to resolve the enjoined claims in the TikTok MDL have necessitated this motion. Had Plaintiffs sought the needed relief, Objector would not have had to make this filing.

## CONCLUSION

For the foregoing reasons, Objector Mark S. respectfully requests that the Court: (a) enforce its Preliminary Injunction; (b) find that the TikTok MDL is related to this case; (c) reassign the TikTok MDL to this Court; and (d) consolidate the TikTok MDL herewith. As an alternative to reassignment and consolidation, Objector respectfully requests that the Court informally coordinate with Judge Lee to ensure the fair and proper administration of this case and the TikTok MDL.

## **CERTIFICATE OF SERVICE**

I, Scott R. Drury, an attorney, hereby certify that, on September 9, 2020, I filed the foregoing document using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Scott R. Drury
*One of the attorneys for Mark S.*