IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| T.K., et al., <br><br> Plaintiffs, <br><br> v. <br><br> BYTEDANCE TECHNOLOGY CO., LTD., et al.. <br><br> Defendants. | Case No. 1:19-cv-07915 <br><br> Hon. John Robert Blakey <br><br> Magistrate Judge M. David Weisman |

**DEFENDANT TIKTOK'S RESPONSE TO OBJECTOR MARK S.'S MOTION TO ENFORCE PRELIMINARY INJUNCTION AND FOR REASSIGNMENT**

Pursuant to the Court's Order (ECF No. 54), defendant TikTok Inc. ("TikTok") respectfully responds as follows to Objector Mark S.'s motion to enforce preliminary injunction and for reassignment (ECF No. 51):

- *First*, with respect to the injunctive relief sought by the motion, TikTok has no objection to the Court enforcing its injunction against settlement class members who assert or amend complaints containing released claims. ECF No. 13 at 8 ("Settlement Class Members are preliminarily enjoined from bringing any new alleged class actions asserting any Released Claim or attempting to amend an existing action to assert any Released Claim."). TikTok stands to benefit greatly if any released claims asserted by settlement class members in other actions were declared void by this Court without TikTok having to settle those claims or move for their dismissal. That said, TikTok has not requested the Court to take such action because doing so would only lead to time-consuming litigation by the enjoined

parties over enforcement of the injunction. TikTok has sought to reduce the burdens on the Court and the parties, including the settlement class, by choosing the less litigious path of settlement to resolve those claims.

- *Second*, with respect to the Objector's request that the Court find that this case is related to the cases centralized and assigned to Judge John Z. Lee in this District in MDL No. 2948, TikTok agrees that, had this case not settled last year and the settlement been preliminarily approved by the Court last year, this case and MDL No. 2948 would have "involve[d] some of the same issues of fact or law" and thus fit the definition of "related" under LR 40.4(a). Given the pending final approval of the settlement in this case, however, there are no longer issues of fact or law that overlap to the extent that the cases should be deemed related or reassigned.[1]

- *Third*, with respect to the Objector's request for reassignment of MDL No. 2948 to this Court and consolidation of the MDL with this case, the request is misdirected. Because the cases in the MDL are governed by 28 U.S.C. § 1407, the authority to transfer and assign the MDL to a specific judge lies exclusively with the Judicial Panel on Multidistrict Litigation. 28 U.S.C. § 1407(a) ("Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section…."); 28 U.S.C. § 1407(b) ("Such coordinated or consolidated pretrial proceedings shall be conducted by a judge or judges to whom such actions are assigned by the judicial panel on multidistrict litigation.").

---

[1] Although this Court does not determine or enforce the rules of the Judicial Panel on Multidistrict Litigation, the reason this case was not included in any notice of tag-along action for MDL No. 2948 was because at the time no party believed the requirements for centralization under 28 U.S.C. § 1407 were satisfied with respect to this action given that this case alleged a different class, a different theory of relief (the failure to obtain verified parental consent to the collection of user's information), did not allege the collection of biometric information, and the Court had already preliminarily approved the Settlement, leaving no litigation left to be coordinated.

In addition, the cases currently fail the conditions required for reassignment under LR 40.4(b) because "the earlier case [*has*] progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially." *See also Old Republic Ins. Co. v. Ness*, No. 03-5238, 2005 U.S. Dist. LEXIS 58091, at *10 (N.D. Ill. Mar. 15, 2005) ("a court must deny a motion to reassign if the [moving] party fails to sufficiently apply the facts of the case to each of 40.4(b)'s requirements"). Indeed, this case has already settled, the settlement was preliminarily approved by the Court over nine months ago, and the motion for final approval has been heard and taken under submission. All that is left is for the Court to rule on the motion. In contrast, although there is a settlement in principle in the MDL, that settlement has not yet been presented to that court for even preliminary approval, and a final approval hearing is likely several months away.

- *Fourth*, for the same reasons that these cases fail the conditions required for reassignment, the Objector's alternative request that this Court "informally coordinate with Judge Lee" is unnecessary. The Settlement in this case is not dependent on anything taking place in the MDL, and there is no justification to delay the settlement relief to the class or for the final resolution of this action to wait months to coordinate final settlement approval in this case with final approval of the settlement in the MDL. The MDL is only relevant to show that the Objector's attempts to expand the scope of this litigation is unnecessary because the proposed expansion is already covered by the claims asserted in the MDL.

For these reasons, TikTok does not oppose the request to enforce the Court's temporary injunction against settlement class members, but the remainder of the motion should be denied.

Dated: September 25, 2020  Respectfully submitted,

By: */s/ Steven P. Mandell*

Anthony J. Weibell
WILSON SONSINI GOODRICH & ROSATI,
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304
Tel.: (650) 493-9300
aweibell@wsgr.com

Steven P. Mandell (ARDC #6183729)
MANDELL MENKES LLC
1 North Franklin, Ste. 3600
Chicago, IL 60606
Tel.: (312) 251-1000
smandell@mandellmenkes.com

*Attorneys for Defendant
TikTok, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

*/s/ Steven P. Mandell*