UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| T.K., THROUGH HER MOTHER SHERRI LESHORE, and A.S., THROUGH HER MOTHER, LAURA LOPEZ, *individually and on behalf of all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> BYTEDANCE TECHNOLOGY CO., LTD., MUSICAL.LY INC. MUSICAL.LY THE CAYMAN ISLANDS CORPORATION, <br><br> Defendants. | Case No. 19 CV 7915 <br><br><br> Judge John Robert Blakey |

## MEMORANDUM OPINION AND ORDER

Plaintiffs T.K., through her mother Sherri Leshore, and A.S., through her mother Laura Lopez, move for final approval of a proposed class action settlement, [28], and class counsel moves for attorneys' fees, costs, and service awards. Separately, Mark S., a member of the proposed settlement class, objects to the settlement proposal and moves to intervene as of right, or alternatively, intervene permissively. [23]; [24]. In connection with his motion to intervene, Objector Mark S. requests that this Court appoint his counsel as lead class counsel. [24] at 54–56. For the reasons explained below, this Court denies Plaintiffs' motion for final approval, [28], without prejudice, and denies class counsel's motion for attorneys' fees, costs, and service awards, [29], subject to a revised filing in conjunction with a

1

later motion for final approval. This Court also denies Objector Mark S.' motion to intervene, [23], and declines his request concerning counsel.

I.  Background

This class action arises from Defendants' operation of TikTok, a video social networking platform. [1] ¶¶ 1, 18–37. Plaintiffs allege that Defendants tracked, collected, and disclosed personally identifiable information and viewing data belonging to TikTok users under the age of thirteen without parental consent in violation of state and federal privacy laws. *Id.* ¶ 1. In June 2019, Plaintiffs sent a demand letter and draft complaint to Defendants detailing these allegations. [5] at 7–8. Several months of informal discovery and negotiation followed, culminating in a proposed class-wide settlement (the "Proposed Settlement"). *Id.* at 8, 10.

Plaintiffs subsequently filed a complaint in this Court in December 2019. [13] at 1. Shortly thereafter, Plaintiffs moved for preliminary approval of the Proposed Settlement. Under the Proposed Settlement, Defendants agreed to pay $1.1 million to the proposed class (the "Proposed Settlement Class"), consisting of "all persons residing in the United States who registered for or used the Musical.ly and/or TikTok software application prior to" the date upon which final approval of the Settlement is no longer appealable "when under the age of 13" and "their parents and/or legal guardians." [5-1] at 22, 25. This sum would cover distributions to the Proposed Settlement Class, incentive awards of $2,500 to the each of the named Plaintiffs, settlement administration and notice costs, and attorneys' fees. *Id.* at 7, 24. This Court granted Plaintiff's unopposed motion for preliminary approval in December 2019. [13].

As part of its preliminary approval of the Proposed Settlement, this Court evaluated the proposed method of providing notice to the Proposed Settlement Class (the "Notice Program"). This Court found that the Notice Program, consisting chiefly of internet advertisements linked to a website providing key information about the Proposed Settlement, was "appropriate notice," that it satisfied "all requirements provided in Rule 23(c)(2)(A) and due process," and that it was "reasonable within the meaning of Rule 23(e)(1)(B)." *Id.* at 4; [5-1] at 186–89.

In accordance with the schedule set out in this Court's order, Plaintiffs launched the Notice Program in January 2020. [28] at 11. In March 2020, the Chief Judge of this Court issued the first in a series of general orders that, among other things, moved all civil cases deadlines in response to the COVID-19 pandemic. [16]. In effect, these general orders moved the deadlines for members of the Proposed Settlement Class to submit claim forms, exclude themselves from the class, and object to the Proposed Settlement. Plaintiffs did not update the settlement website to include these new deadlines and the settlement administrator does not appear to have accepted claim forms through the new deadlines. [28-2] at 4–5.

Roughly one month prior to the deadline to opt out of or object to the Proposed Settlement, Objector Mark S. filed objections and moved to intervene. [23]; [24]. Once the pre-COVID-19 deadline passed, Plaintiffs moved for final approval of the Proposed Settlement and filed a petition seeking an award of attorney's fees, costs, and incentive payments to the named Plaintiffs. [28]; [29].

This Court held a fairness hearing in this matter in August 2020, at which Objector Mark. S. appeared and argued both his objections to the Proposed

3

Settlement and his Motion to Intervene. [47]; [48]. Several weeks after the fairness hearing, Objector Mark S. also moved for this Court to enforce its preliminary injunction enjoining members of the Proposed Settlement Class from bringing claims that fall within the scope of the settlement release. [51].

## II. Plaintiffs' Motion for Final Approval

### A. Legal Standard

Under Federal Rule of Civil Procedure 23, the "claims, issues, or defenses of a certified class may be settled . . . only with the court's approval." Fed. R. Civ. P. 23(e). As part of its preliminary approval of a settlement, this Court "direct[s] notice . . . to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). Upon a motion for final approval of the settlement, this Court asks whether the planned notice "achieved what it promised." Fed. Judicial Ctr., *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* 7 (2010); *see also, e.g.*, *Yates v. Checkers Drive-In Rests., Inc.*, No. 17 C 09219, 2020 WL 6447196, at *2 (N.D. Ill. Nov. 3, 2020).

While Rule 23 does not specify the contents of a settlement notice, the notice should, among other things, "describe clearly . . . the deadlines for taking action." 3 William Rubenstein et al., *Newberg on Class Actions* § 8:17 (5th ed. 2020). And where Plaintiffs simultaneously move for certification of a class and approval of a settlement proposal, notice to the class must properly state "the time and manner for requesting exclusion" from the class. Fed. R. Civ. P. 23(c)(2)(B).

4

### B. Analysis

Here, this Court begins its analysis by evaluating notice of the Proposed Settlement to the class. This Court's preliminary approval order set March 17, 2020 as the original deadline for members of the Proposed Settlement Class to opt out of or object to the settlement, and April 16, 2020 as the deadline for class members to submit a claim form. *See* [13] at 5; [28] at 11. In the same order, this Court set the fairness hearing in this case for May 6, 2020. [13] at 6. Upon the launch of the Notice Program in January 2020, [28] at 11, the settlement administrator provided this information to members of the Proposed Settlement Class via the settlement website. [28-2] at 18–26.

But, as noted above, these dates changed. The COVID-related general orders delayed "*all* deadlines" in "*all* civil cases," *e.g.*, [16] at 1 (emphasis added), and thus extended the deadlines, at the very least, to June 2, 2020. *See* [16]; [17]; [21]. Relatedly, this Court also rescheduled the fairness hearing in the matter from May 6, 2020, to August 4, 2020. [20]; [35].

Objector Mark S. argues that notice was inadequate, in part, because the settlement administrator failed to update the settlement website with the new dates. [24] at 41–42. The parties do not dispute this failure to update the website. Indeed, the evidence indicates that the settlement administrator ignored the new deadlines entirely. In its affidavit, dated May 11, 2020, the settlement administrator refers only to the old deadlines when discussing claim forms and requests for exclusion received from the Class. [28-2] at 4–5. The claim form posted to the settlement website also contained incorrect dates. *Id.* at 28.

5

This failure to update the settlement website rendered notice inadequate under Rule 23 and violated the prior instruction to the parties. *See* [13] at 7 ("The deadlines set forth in this Preliminary Approval Order . . . may be extended by Order of the Court . . . without further notice to the Class Members, except that notice of any such extensions *shall be included on the Settlement Website*." (emphasis added)).

Plaintiffs argue that Objector Mark S. "cannot claim to be prejudiced" by deadline-related issues. *See* [33] at 19. Given Objector Mark S.' timely objections to the settlement and appearance at the fairness hearing, this is likely true. But Objector Mark S. is just one member of the Proposed Settlement Class. The fact that *one* class member was not prejudiced does not absolve the parties of their obligations to the *millions* of others in the class. Clearly, other members of the class, upon seeing the incorrect deadlines featured on the settlement website, may have mistakenly believed that they had missed the opportunity to exercise their legal rights with respect to the Proposed Settlement. And the settlement administrator, operating under the wrong deadlines, may have also ignored class members who *did* attempt to exercise their rights in a timely fashion.

Accordingly, this Court cannot conduct a final review or approve the Proposed Settlement without supplemental notice to the Proposed Settlement Class and a subsequent fairness hearing. Given the gap between the incorrect deadlines provided to the class and the correct deadlines, any supplemental notice program should run for a minimum of seventy-seven days. During this period, the parties must of course accept new claim forms. This Court will also provide class members with an

6

additional opportunity to object to the Proposed Settlement or request exclusion from the Proposed Settlement Class.

### III. Objector's Motion to Intervene

This Court now considers Objector Mark S.' motion to intervene as of right, or in the alternative, to intervene permissively. In connection with this motion, Objector Mark S. asks that this Court appoint his counsel as lead class counsel. For the reasons stated below, this Court denies Objector Mark S.' motion to intervene.[1]

#### A. Intervention as of Right

##### 1. Legal Standard

Federal Rule of Civil Procedure 24(a) affords members of a class the "right to intervene if their interests are not adequately represented by existing parties." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 594 (2013) (quoting 5A Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* § 16:7, p. 154 (4th ed. 2002)). Under this rule, a party "may intervene as of right when '(1) the motion to intervene is timely filed; (2) the proposed intervenors possess an interest related to the subject matter of the action; (3) disposition of the action threatens to impair that interest; and (4) the named parties inadequately represent that interest.'" *United States v. Segal*, 938

---

[1] Objector Mark S.' failure to provide a "pleading that sets out the claim or defense for which intervention is sought," as required by Federal Rule of Civil Procedure 24(c), is an error that "may be considered fatal to a motion to intervene." *Deutsche Bank Nat'l Tr. Co. v. Cannon*, No. 12-C-5225, 2014 WL 4724442, at *4 (N.D. Ill. Sept. 22, 2014). But this Court has "the discretion to accept a procedurally defective motion" as long as "no prejudice would result." *Retired Chi. Police Ass'n v. City of Chicago*, 7 F.3d 584, 595 (7th Cir. 1993). Here, Objector Mark S.' motion papers, argument on the motion to intervene at the fairness hearing, and supplemental filings in support of the motion suffice to apprise the parties of Objector Mark S.' proposed claims or defenses. For that reason, this Court reviews and denies the motion to intervene upon the merits.

F.3d 898, 908 (7th Cir. 2019) (quoting *Wis. Educ. Ass'n Council v. Walker*, 705 F.3d 640, 657–58 (7th Cir. 2013)).

### 2. Analysis

As discussed below, this Court denies intervention as of right under the third and fourth factors.

#### a. Timeliness

When evaluating the timeliness of a motion to intervene, courts consider four factors: "(1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; [and] (4) any other unusual circumstances." *Lopez-Aguilar v. Marion Cty. Sheriff's Dep't*, 924 F.3d 375, 388 (7th Cir. 2019) (alteration in original) (quoting *Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000)).

Considering these four factors, Objector Mark S.'s motion to intervene is timely. The earliest he could have learned of his interest in the case is December 5, 2019, the date upon which Plaintiffs moved for preliminary approval of the Proposed Settlement. [5]; [24] at 43. Objector Mark S. filed his motion to intervene on May 11, 2020, [23], nearly a month after the original opt-out deadline, but before the new deadline,[2] as extended both by the Chief Judge's pandemic orders and the need for

---

[2] In the class action context, courts in at least two circuits employ a rebuttable presumption that a motion to intervene is timely if it is filed before the end of the opt-out period. *See, e.g., In re Cmty. Bank of N. Va.*, 418 F.3d 277, 314 (3d Cir. 2005); *Glass v. UBS Fin. Servs., Inc.*, No. C-06-4068, 2007 WL 474936, at *3 (N.D. Cal. Jan. 17, 2007) (citing *Cmty. Bank of N. Va.*, 418 F.3d at 314), *aff'd*, 331 F. App'x 452 (9th Cir. 2009); *Brennan v. Cmty. Bank, N.A.*, 314 F.R.D. 541, 543–44 (M.D. Pa. 2016) (noting that the four factors listed above can rebut this presumption); *see also* 3 William Rubenstein, *Newberg on Class Actions* § 9:31 (5th ed. 2020).

supplemental notice (and the resulting denial without prejudice of final approval). *See* [13] ¶ 11; [16] ¶ 1 (extending all civil deadlines by twenty-one days); [17] ¶ 2 (additional extension of twenty-eight days); [21] ¶ 2 (additional extension of twenty-eight days). Despite Objector Mark S.' delay in moving to intervene, neither he nor the original parties will suffer undue prejudice from it. Here, as a member of the Proposed Settlement Class who has not opted out, Objector Mark S.' objections to the Proposed Settlement will still be heard in due course without intervention,[3] and his motion to intervene otherwise failed to delay final review of the settlement itself, which has been postponed for other reasons. Given the record in this case (including the unusual circumstances of the pandemic), Objector Mark S.' five-month delay remains insufficient to render his motion untimely.

    **b.**  **Interest in the Action**

Intervention as of right requires a "direct, significant and legally protectable interest" in the question at issue in the lawsuit. *Keith v. Daley,* 764 F.2d 1265, 1268 (7th Cir. 1985). That interest must be unique to the proposed intervenor. *Id.*; *City of Chicago v. Fed. Emergency Mgmt. Agency*, 660 F.3d 980, 984-85 (7th Cir. 2011) (noting that a putative intervenor must have Article III standing in order to have an "interest" in the action, with limiting principles such as "remoteness" serving to "place essential limits on the scope of intervention"). Moreover, the question of whether "an applicant has an interest sufficient to warrant intervention as a matter

---

[3] Objector Mark S. moves for this Court to replace lead class counsel with Objector Mark S.' counsel, [24] at 44–46, and intervention is likely a prerequisite for such relief, *see* 3 Rubenstein, *supra*, § 9:30 (noting that "intervention may enable the intervening class member to take over a case from an inadequate class representative"); *see also Standard Fire Ins. Co.*, 568 U.S. at 594. But, as discussed in greater detail below, replacement of class counsel is not warranted here, and thus, such relief does not weigh heavily into an analysis of prejudice.

9

of right is a highly fact-specific determination, making comparison to other cases of limited value." *Wis. Educ. Ass'n Council*, 705 F.3d at 658 (quoting *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.,* 69 F.3d 1377, 1381 (7th Cir. 1995)).

Here, the Proposed Settlement Class covers "all persons residing in the United States who registered for or used the Musical.ly and/or TikTok software application prior to the Effective Date" of the settlement "when under the age of 13" and "their parents and/or legal guardians." [5-1] at 22. Objector Mark S. alleges, and neither of the parties contests, that his minor son "was under the age of 13 while using Defendants' video social networking application ('TikTok')." [24] at 3. Accordingly, Objector Mark S. falls within the Proposed Settlement Class and this Court finds he possesses an interest for the purpose of Rule 24(a). *In re Discovery Zone Sec. Litig.*, 181 F.R.D. 582, 589 (N.D. Ill. 1998) (stating that "an absent class member" seeking to intervene as of right will have "little difficulty" meeting Rule 24(a)'s requirement that he have "an interest in the action").

### c.  Impairment of Interest

To determine whether the disposition of an action threatens to impair an intervenor's interest, courts ask "whether a ruling on a legal question would as a practical matter foreclose the intervenor's rights in a subsequent proceeding." *Revelis v. Napolitano*, 844 F. Supp. 2d 915, 925 (N.D. Ill. 2012). When a court denies a motion to intervene by an absent class member opposing settlement, that class member's "'ability to protect [her] interest' in opposing the Settlement is not 'impair[ed] or impede[d].'" *Calibuso v. Bank of Am. Corp.*, No. 10-cv-1413, 2013 WL 5532631, at *2 (E.D.N.Y. Oct. 4, 2013) (alterations in original) (quoting Fed. R. Civ.

10

P. 24(a)). That is because the putative intervenor, as an absent class member who "stays in [the] action," has the "opportunity, vis-à-vis the settlement process, to object to" the Proposed Settlement. *Id.*

As a member of the Proposed Settlement Class, Objector Mark S. could, and did, object to the Proposed Settlement, [24], and he argued those objections at the prior fairness hearing held in this matter. [47]; [48]. Indeed, this Court's order today further extends the objection deadline, and all of Objector Mark S.'s concerns can be addressed later in the final fairness hearing under Rule 23. His intervention has no bearing upon this Court's obligation to consider his objections to the settlement. And by objecting to the Proposed Settlement, Objector Mark S. has preserved his right to appeal. *Devlin v. Scardelletti*, 536 U.S. 1, 13 (2002). In short, Objector Mark S.' interest is not impaired within the meaning of Rule 24(a).[4]

### d. Adequacy of Representation

Despite Objector Mark S.' assertions, lead class counsel's representation in this matter has not been inadequate. While a putative intervenor need only make a minimal showing of inadequate representation, a "'presumption [exists] that the representation in the suit is adequate'" when the "intervenor and the named party have the same goal." *Wis. Educ. Ass'n Council*, 705 F.3d at 659 (alteration in original) (quoting *Shea v. Angulo*, 19 F.3d 343, 347 (7th Cir. 1994)).[5]

---

[4] As discussed below, Objector Mark S. is not entitled to the other relief he seeks in connection with his motion to intervene (namely replacement of class counsel), and thus, the impairment of interest analysis turns solely upon his ability to object to the Proposed Settlement.

[5] In the class-action context, many courts also recognize a presumption of adequate representation when a class member seeks to intervene. *See, e.g.*, *Swinton v. SquareTrade, Inc.*, 960 F.3d 1001, 1005 (8th Cir. 2020) ("There is a presumption of adequate representation when the persons attempting to intervene are members of a class already involved in the litigation or are intervening only to protect the interests of class members." (quoting *Jenkins ex rel. Jenkins v. Missouri*, 78 F.3d 1270, 1275 (8th

11

It then falls upon the intervenor to "rebut that presumption" by showing that some conflict exists. *Id.* A conflict, however, that boils down to a mere difference in preferred litigation tactics or strategy will not suffice. *Planned Parenthood of Wis., Inc. v. Kaul*, 942 F.3d 793, 801 (7th Cir. 2019) (noting that the proposed intervenor "offered only 'quibbles with . . . litigation strategy,'" and that this did not suffice to "show even 'some conflict'" (alteration in original) (quoting *Wis. Educ. Ass'n Council*, 705 F.3d at 659)); 3 Rubenstein, *supra*, § 9:35. Likewise, conflict cannot arise from a "difference of opinion" concerning the benefits provided by a settlement agreement. *Ashgari v. Volkswagen Grp. of Am., Inc.*, No. CV-13-02529, 2015 WL 12732462, at *40 (C.D. Cal. May 29, 2015); *see also In re Cmty. Bank of N. Va.*, 418 F.3d 277, 315 (3d Cir. 2005) (cautioning that the "goals of Rule 23 would be seriously hampered" if "absent class members who merely express dissatisfaction with specific aspects" of a settlement agreement had "the right to intervene").

Based on the record, Objector Mark S. fails to overcome the presumption of adequate representation. *See Wis. Educ. Ass'n Council*, 705 F.3d at 659. First, he cannot demonstrate any adversity of interest where he and the class representatives share the same goal: they both seek to make whole young TikTok users harmed by the Defendants' unlawful collection of personally identifiable information and by their potential exposure to online predators. *See* [1] ¶¶ 35, 51, 57; [24] at 2–3.

---

Cir. 1996))); *In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d 410, 434 n.10 (3d Cir. 2016) ("In the class-action context, potential interveners must overcome a presumption of adequate representation and 'must ordinarily demonstrate adversity of interest, collusion, or nonfeasance on the part of a party to the suit.'" (quoting *In re Cmty. Bank of N. Va.*, 418 F.3d at 315)), *as amended* (May 2, 2016); *Davis v. J.P. Morgan Chase & Co.*, 775 F. Supp. 2d 601, 606 (W.D.N.Y. 2011) (discussing "presumption that class members' interests are adequately represented by the settling plaintiffs and their counsel").

Likewise, he makes no showing of collusion or nonfeasance on the part of any party to the suit, nor does he otherwise articulate exactly how lead class counsel's representation has fallen short. Instead, asserting that class counsel have "failed to adequately represent Objector in numerous ways" [24] at 44, he merely points to his objections to the Proposed Settlement.[6] This is not enough for a finding of inadequate representation.[7]

**B. Permissive Intervention**

Under Federal Rule of Civil Procedure 24(b), a court may permit intervention by anyone who timely moves for intervention and "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). Before granting the motion, the court must also "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). A court's "decision to permit intervention is 'wholly discretionary.'" *Planned Parenthood of Wis., Inc.*, 942 F.3d at 803 (quoting *Sokaogon Chippewa Cmty.*, 214 F.3d at 949)).

Although the motion is timely and Objector Mark S.'s claim shares common questions of law and fact with those asserted in this action, permissive intervention would not serve the interests of justice because, among other factors, Objector Mark S. can pursue fully his objections to the Proposed Settlement to this Court. *See In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 202 (2d Cir. 2000) (denying motion for

---

[6] Essentially, Objector Mark S. believes that: (1) lead class counsel's notice program was deficient (a complaint rendered moot by today's order); and (2) the value of the settlement is purportedly too low (a complaint over litigation tactics and settlement benefits that can be addressed by a later fairness hearing).

[7] Because lead class counsel has rendered adequate representation for the purposed of Rule 24(a), this Court declines Objector Mark S.' request to appoint his counsel as lead class counsel. [24] at 44–46.

permissive intervention where proposed intervenors "already had an opportunity to state their objections" to the settlement at issue). In the exercise of discretion, this Court denies the motion for permissive intervention.

## IV. Conclusion

For the reasons explained above, this Court denies Plaintiffs' motion for final approval [28] without prejudice, and denies class counsel's motion for attorneys' fees, costs, and service awards [29] subject to a revised filing in conjunction with a later motion for final approval. This Court also denies Objector Mark S.' motion to intervene [23]. Within fourteen days of entry of this order, the parties must submit a status report regarding their plans for the provision of supplemental notice and a final fairness hearing.

Dated: March 29, 2021

Entered:

John Robert Blakey
United States District Judge